Battle, J.
 

 An interesting question has been discussed by the English elementary writers, whether a tenant in dower, or other tenant for life, is liable for mere permissive waste. The argument in favor of the liability is well sum-ed up by Mr. Bell, in his work on the law of the property of Husband and Wife, page 304, as follows: “Whether a dowress is liable for waste permitted by her, has been doubted. A suggestion in one of
 
 Hargrave’s
 
 notes to Co. Litt. 57 a. n. 1, whether tenant in dower was liable only for active, and not for permissive waste, gave rise to a discussion in
 
 Roper,
 
 vol. 1, p. 421, to show that she is liable for both ; and of this there seems so little room for doubt, as hardly to justify the uncertain state in which that .author leaves the question. Previous to the statute of Crloueester, 6 Ed. I, ch. 5, a prohibition of Avaste lay against a tenant in doAver or by the curtesy, Avhile it did not lie against tenant for life, or years, or at will, by agreement of party. The distinction inthetAvo cases arose from this: that, in the latter, the tenant comes in by the act of the lessor, who might stipulate beforehand'that no waste should be done; whereas, in the former, the tenant comes in by act of laAY, and without the power of him in the reversion to make any such stipulation. Co. Litt. 546. In the books where this-is laid doAvn, no distinction is made between active and permissive waste. Then comes the statute of
 
 Marlbridge,
 
 52 Hen. 3d, ch. 23, which forbade
 
 fermors
 
 to make waste during their terms, followed by the statute of
 
 G-loueester,
 
 which gave a writ of waste against tenant for life or years, as well as tenant in dower, still Ayithout making any dis-
 
 *103
 
 ti-nction between the two kinds of waste, and omitting mention of, tenants at will. ,
 
 Littleton,
 
 sec. 71, says that tenant at will is not bound to “sustain or'repair the house, as tenant for years is tyed and in in Co. Litt. 53 a., where the liabilities of tenant by the curtesy j in dower and for life and years, are treated of, instances are given of permissive waste.
 
 Golee,
 
 therefore, puts all these tenants in the same category; and
 
 Rolle,
 
 816, pl. 36, 37, says “ that an action would lie against a lessee for permissive waste. As, therefore, the tenant in dower has always been liable at common law for permissive waste, even while tenants' for life or for years were not liable until the statute of
 
 Grlouaester
 
 made them so, and as these tenants unquestionably are liable, ever since the statute, for permissive waste, there seems no reason to doubt that the situation of tenant in dower is not better in this respect than that of these tenants; more especially as there is the same principle why she should be liable for permissive as for actual waste. Since the heir cannot enter «pon her to make repairs, he may suffer as much damage -by her permissive as he would by her actual waste.”
 

 The reasons for the contrary opinion are forcibly stated by
 
 Mr. Ghitty,
 
 in his General Practice, page 386.— “ Tenants for life, unless expressly dispunishable for waste, are liable for any
 
 actual or wilful
 
 waste; as cutting trees, otherwise than fer repairs, or altering -buildings or land, pr destroying hedge-rows. The statute of
 
 Marlbridge
 
 and the statute of
 
 Grlouaester
 
 are the only statutes relating to waste. The first enacts, sec. 2, “also
 
 farmors,
 
 during their terms, shall not make waste, sale nor exile of house, woods and men, nor of anything belonging to the tenements that they have to ferm, &c.; which thing, if they do, and thereof be iconvict, they shall yield full damage^ and shall be punished ¡by amerciament grievously.” The statute of
 
 Gloucester
 
 'pnacts that “ a man shall have a writ of waste m the Chancery against him, that holdeth by law of England
 
 (i. e.
 
 ten
 
 *104
 
 ant by curtesy,) or otherwise, for term of life or for term of years, or a woman in dower, and he which shall be at-tainted of waste, shall lose the thing which he hath wasted, and moreover shall recompense thrice so much as the waste shall be taxed at.” It is submitted that both these acts only apply to
 
 wilful
 
 or
 
 voluntary
 
 waste, and do not extend to more permissive waste. Mr. Sergeant Williams, in his valuable edition of Saunders — 1 Saund. Rep. 323, b. n. 7; 2 Saund. 259. n.
 
 11
 
 — misstates this enactment, as if it expressly gave an action of waste, or in case against any lessee for life
 
 or
 
 years, guilty of permissive waste, as if he
 
 permit
 
 an house to bo out of repair, unless it was ruinous at the time of the lease ; (although tho act speaks only of forfeiture of the thing that he toasted, with treble damages;) and he refers to elementary works ¡«, proving that the statute extends to
 
 permissive
 
 as well as
 
 voluntary
 
 waste, and he insists that tho statute extends to tenants from year to year,
 
 or even half a year;
 
 but the subsequent editors, in their learned and accurate notes, have questioned the latter opinion, at least as regards tenant from year to year, and and also as regards lessee for years, under a lease not containing any covenant to repair. 1 Saund. Rep. 828, b. note (x,) and 2 Saund. 252, a. note (b.) And it seems questionable whether the statute of Gloucester extends to any case of mere
 
 permissive
 
 waste, and, indeed, whether a tenant for life is liable to any penalty, forfeiture or action for
 
 merely neglecting to
 
 repair, unless he be under express directions or agreement to do so. Hearne v. Benbow, 4 Taun. 764; Jones v. Hill, 7 Taun. 392; 2 Eng. C. L. Rep. 149.
 

 It is unnecessary for us to decide this disputed question ; but as the material parts of the statutes of Marlbridge and Gloucester are re-enacted in this State, (see Rev. Stat. ch. 119, sec. 1 & 3,) and the action of waste has been held to be in force here, (Ballentine v. Payner, 2 Hay. 110, Bright v. Wilson, Conf. Rep. 24, and Browne v. Blick, 3 Mur.
 
 *105
 
 511,) we have thought it would not be altogether useless to call the attention of the profession to the subject.
 

 The action- of waste, which was founded upon privity of estate, and could only be brought ly the owner of the inheritance against his immediate tenant for life or years, is now very seldom used, and has given way to a more easy and general remedy, to wit, an action" on the case in the nature of waste. Williams v. Lanier, Busb. 30; 1 Cruise Dig. 124 ; 2 Saund. Rep. 252, note 7. The present is an action of the latter kind, in which the plaintiff declares in two counts, the first for permissive, and the second for voluntary waste, against the husband- of a tenant in dower after the death of his wife. We are clearly of opinion that the first count cannot be sustained. The liability of the husband (if liable at all for permissive waste,) was incurred by his marriage, and ccasod with it. It is well known that his liability for his wife’s debts cannot be enforced against him after her death, except as administrator, for assets which he received in that capacity. So for her
 
 devastavit
 
 as executrix or administratrix, whether committed before or during coverture, he is not liable at law after the coverture coasos; though the rule in some cases is different in Equity, where the
 
 devastavit
 
 is committed during coverture. See Bell on Prop, of H.
 
 &
 
 W., 46 & 47, and the cases there cited, (67 Law Lib.) There is no principio upon which the case of permissive waste can be distinguished from'this. In Turner v. Buck, 22 Vin. Abr. 523, Lord Cowper sáys, “ that, without some particular circumstance, thcr'e is no remedy at Law or Equity for permissive waste, after the death of the particular tenantand we say,
 
 a fortiori,
 
 not against the husband of a particular tenant after her death.
 

 The question remains, whether the action can be sustained upon the count for voluntary waste: and we are decidedly of opinion that it can. It is true that it is said in Clinton’s case, 5 Coke’s Rep. 85, “ that if a woman, tenant for life,
 
 *106
 
 takes ¡husband who .commits waste, and the wife dios, the husband shall not be punished for this waste.” But that was an action of waste on the statute of Gloucester, and the reason given for the decision was, “ that the husband had not any estate for life in the land, but the wife had the estate for life, and the husband had it only in her right, and .so she is not within the said act.” " The action on the case in the nature of waste differs, in several particulars, from the action of waste. Thus it may be brought by the person in remain-dor,-or reversion for life or years, as well as in fee ; and it may bo brought by the owner of the inheritance against a stranger who commits a trespass upon the land, during the term of the particular tenant. 2 Saund. Rep. 252, n 7 — Cru. Dig. 124 — Williams v. Lanier, Busb. 30. In the present .case, the -heir might have sued the tenant in dower for voluntary waste ; so he might have sued a stranger for a trespass, during her life; and it is difficult to conceive of ¡a reason which can put the husband trespasser upon a better footing than a stranger. The removal of a .small poultry" house, though erected by the husband, was undoubtedly a .trespass, and was his own act, for which he alone was re-.■sponsiblo, without reference to his occupancy
 
 jure uxoria,
 

 ■ The result is, that as, in our opinion, the action may be sustained upon the second count for voluntary waste, the judgment of
 
 non-suit
 
 must be set aside, and a
 
 venire de novo
 
 .granted.
 

 Judgment reversed.