## STALEY AND ANOTHER V. LEOMANS AND OTHERS.

Decided October 18, 1890.

1. *Tax purchase—By one claiming under prior void tax title—When valid.*

One, who is not in possession of land and whose only claim thereto is based upon a tax deed void on its face, may acquire a valid title by purchase at a subsequent tax sale, although the land is assessed to him.

2. *Levy of taxes—School tax—Irregular return of judges of school election to county court.*

The omission of the judges of a district school election to state in their return to the county court the number of votes cast for and against the school tax assessed against land in the district, will not invalidate a sale of such land for taxes.

APPEAL from *Jackson* Circuit Court.

J. W. BUTLER, Judge.

Appellants brought ejectment for certain land. The testimony showed that in 1882 they purchased it from the clerk for the taxes, under the unconstitutional act of March 14, 1879; that in 1885 they procured a deed from the commissioner of state lands which defectively described the land; that the land was assessed for 1883 in their names and forfeited for taxes; that they procured an agent to purchase the land at the collector's sale and took a deed for it in their own names; that defendants were in possession of the land.

The court held that, inasmuch as the land was assessed to plaintiffs, the effect of the purchase by them was simply to remove the incumbrance of the taxes assessed on the land in their names, and conferred upon them no greater title than they formerly had.

No other objection to the last tax deed was pointed out, except the omission of the judges of the district school election to state in their return to the county court the number of votes cast for and against the school tax which was assessed against this land.

*W. R. Coody* for appellants.

It is the duty of the party in possession receiving the rents and profits to pay the taxes.    32 Ark., 111; 33 Ark., 111.

The fact that the lands were assessed in the appellants' names amounts to nothing. Mansf. Dig., sec. 5676; 15 Ark., 331; 21 Ark., 374.   See also 42 Ark., 221; 44 Ark., 508; Cooley, Tax., p. 345-7; 30 Mich., 118; 6 Kan., 311, 332; 13 Ill., 714.  One not in possession under an invalid tax deed may acquire title by purchase at a sale for taxes; but if in possession he must pay the taxes.   Black on Tax Titles, sec. 148; 29 Wis., 75; 63 Iowa, 451; 27 Penn., 160.   In this case appellants were out of possession, and their tax deeds were utterly void.  50 Ark., 489; Black on Tax Titles, sec. 290.

*John W. & J. M. Stayton* for appellees.

1.   The clerk's deed under the act 1879 was void.   42 Ark., 77.

2.   The second deed was void for uncertainty of description.   3 Ark., 18; 30 Ark., 640; 30 Ark., 657; 35 Ark., 470.

3.   Appellants having listed the lands in their own names, under their tax deeds, acquired no title by the subsequent purchase at tax sale.   They simply removed the lien of the State for taxes.   21 Ark., 370; 31 Ark., 334; Blackwell on Tax Titles, p. 187 (4th ed.); Blackwell on Tax Titles, p. 439 (4th ed.).

4.   The deed of Walker, clerk, in 1886 is fatally defective, because it fails to give the area.   Blackwell on Tax Titles (4th ed.), p. 423, etc.; Black on Tax Titles, secs. 38, 81, 220-1.

The five mill school tax was illegal.   Mansf. Dig., secs. 6197, 6204; 33 Ark., 716; 32 Ark., 131; 42 Ark., 100.

1. Tax-purchase by claimant under prior void tax title.

COCKRILL, C. J. The defendants were the owners and in possession of the land in suit enjoying the rents and profits when the land was assessed and sold for non-payment of taxes. It was their duty therefore to the State and to adverse claimants of the title to pay the taxes. *Guynn v. McCauley*, 32 Ark., 97, and cases cited. The plaintiffs were out of possession claiming title under tax deeds void on their face. They were under no legal obligations to the State or the defendants to pay the taxes. Nor did the naked fact that the lands had been assessed to them change their position. *Pleasants v. Scott*, 21 Ark., 371. As there is nothing in the relationship of the parties upon which an estoppel can be raised, and no question of public policy is contravened, they should be allowed to retain whatever advantage they may have gained by the purchase. Cooley, Tax. (2d ed.), p. 506 *et seq.;* Black, Tax Titles, sec. 148.

2. Levy of taxes—Irregular return of school tax.

The only objection urged here against the deed is answered in favor of its validity in *Holland v. Davies*, 36 Ark., 446.

Reverse and remand for a new trial.