## SWAN *v.* RAINEY.

Opinion delivered June 30, 1894.

*Tax sale—Forfeiture of life estate.*

Mansf. Dig., sec. 5809, provides, in substance, that if any person who shall be seized of lands for life shall neglect to pay the taxes thereon so long that such lands shall be sold for the payment of the taxes, and shall not, within one year after such sale, redeem the same, such person shall forfeit to the person next entitled to such land in remainder all his estate therein, and that the remainder-man may redeem the land. The widow of an intestate neglected to pay the taxes on land of her husband's estate, which she occupied as a homestead, so long that it was returned delinquent, and she purchased it at a tax-sale. After one year from the sale the heirs of intestate redeemed the land. *Held*, that, assuming that the widow was seized of an estate for life in the homestead, within the statute, her purchase of the land at tax-sale was a payment of the taxes, and there was nothing for the heirs to redeem.

Appeal from the Phillips Circuit Court.

GRANT GREEN, JR., Judge.

*Stephenson & Trieber* for appellants.

1. Rembert's testimony was clearly inadmissible; it was mere hearsay, and an expression of opinion. The object of sec. 5809, Mansf. Digest, was to prevent the forfeiture of the estate of the remainder-man or reversioner by the negligence or fraud of the life tenant in failing or refusing to pay the taxes on the land.

2. It was error to give the instruction asked by defendant, and to refuse that asked by plaintiff.

3. The evidence shows a forfeiture of the life interest.

*Palmer & Nichols* for appellee.

BATTLE, J. Appellants brought this action to recover of appellee the possession of a certain tract of land

described in their complaint. The facts upon which they base their claim are as follows: Jesse Rodgers died intestate, leaving appellants his heirs, and appellee his widow, surviving. At the time of his death, he was seized and possessed of the land in controversy, and occupied it as a part of his homestead. After his death, appellee, his widow, continued to occupy it as his late homestead. In 1890 she permitted it to be returned delinquent as to the taxes of 1889. She requested her agent to pay the taxes, or purchase it for her at the tax sale. It was sold for these taxes, and her agent purchased it for her in his own name, and assigned to her the certificate of purchase. After one year from the day of sale had expired, the appellants redeemed the land. They now contend that they are entitled to the possession of the land, under section 5809 of Mansfield's Digest, which provides: "If any person who shall be seized of lands for life, or in right of his wife, shall neglect to pay the taxes thereon so long that such lands shall be sold for the payment of the taxes, and shall not, within one year after such sale, redeem the same according to law, such person shall forfeit to the person or persons next entitled to such land in remainder or reversion all the estate which he or she, so neglecting as aforesaid, may have in said lands, and the remainder-man or reversioner may redeem the land in the same manner that other lands may be redeemed after being sold for taxes; and, moreover, the person so neglecting as aforesaid shall be liable in an action to the next entitled to the estate for all damages such person may have sustained by such neglect."

Assuming that this section is a valid statute, and that the widow is seized of an estate for life, within the meaning of the same, has the appellee failed to pay the taxes on the land in controversy? She was in possession, enjoying the use of the same, when the taxes were levied,

and it was sold to pay the same. It was her duty to pay the taxes thereon for 1889. Having purchased the land at a sale thereof on account of the non-payment of such taxes, and paid the amount she agreed to pay, her purchase was void, and operated as a payment of the taxes. *Rodman* v. *Sanders*, 44 Ark. 504 ; *Guynn* v. *McCauley*, 32 Ark. 97 ; *Sanders* v. *Ellis*, 42 Ark. 215 ; *Staley* v. *Leomans*, 53 Ark. 428. The sale being void, and the taxes paid, there was nothing to redeem, and consequently no redemption was required.

Judgment affirmed.