## PORTER v. TALLMAN.

### Opinion delivered May 12, 1900.

1—.CONFIRMATION OF TAX TITLE—PROOF OF PUBLICATION.—Where a decree of confirmation of a tax title recites that due and legal notice of the proceeding was given, it will not be set aside on a bill of review because the affidavit of publication of notice purported to have been made by the publisher, instead of by the editor or proprietor, as required by statute, as the publication may have been proved in some other way. (Page 213.)

2. SAME—CONSTRUCTION OF STATUTE.—Under Sand. & H. Dig., § 630, providing that there shall be no confirmation of the sale of any lands "unless the petitioner or his grantor or those under whom he claims title has paid the taxes on the lands for at least two years after the expiration of the right of redemption, said payment of taxes to be three consecutive years immediately prior to the application to confirm," the three consecutive annual payments of taxes may consist of one payment made before and two after the expiration of the right of redemption. (Page 213.)

Appeal from Arkansas Chancery Court.

JAMES F. ROBINSON, Chancellor.

#### STATEMENT BY THE COURT.

Elliott Tallman brought this action in equity to review and set aside a decree confirming a tax title for error apparent upon the record. He alleged that he was the owner of the land embraced in the tax deed, that the sale upon which the deed was

based was irregular, and the deed void, and that the decree of confirmation was erroneous for the following reasons apparent upon the record: (1) Because there was no sufficient affidavit of the publication of the notice of proceedings to confirm. (2) Because Porter had not, at the time of confirmation, paid taxes for two full years after the expiration of redemption, and did not exhibit to the court tax receipts showing three consecutive payments of taxes on the land after the period of redemption had passed.

The defendant, Porter, appeared and filed his answer. Upon the hearing the court found in favor of plaintiff, and set aside the decree of confirmation, and declared void the tax title claimed by Porter, and he appealed.

*Gibson & Pack* and *Rose, Hemingway & Rose*, for appellant:

All inquiry as to the tax sale was cut off by the decree of confirmation. 66 Ark. 1; 52 Ark. 400; Sand. & H. Dig., § 638. A defect in the affidavit showing a regular publication of a notice of confirmation does not invalidate the decree of confirmation. 21 Ark. 365; 47 Ark. 131, 144; 55 Ark. 30, 35; 66 Ark. 1. The presumption is that all showing as to facts, necessary to the decree, was made. 63 Ark. 513; 64 Ark. 611; 49 Ark. 413; 57 Ark. 49, 54; 57 Ark. 628; 66 Ark. 1. The facts set out in the complaint constituted a compliance with sections 630 and 633, Sand. & H. Dig., requiring that the one seeking confirmation shall exhibit tax receipts for three years. The jurisdiction of the court in no wise depends upon the sufficiency of the facts to warrant its verdict. 1 Freeman, Judg. § 118; 8 Ia. 114; S. C. 66 Am. Dec. 52, 61; 57 Ark. 49, 54, 55; 1 Pet. 328.

*Geo. C. Lewis*, for appellee.

A bill to procure a review and reversal of a decree is always maintainable, where the errors are apparent on the record. 59 Ark. 444. If the bill contains the essential averments, it will be given the same effect as a petition for rehearing. 20 S. E. 899; 25 S. E. 998; *ib.* 1004. If the decree is contrary to some statutory enactment or to some principle or rule of

law or equity, this is error apparent.  59 Ark. 444; Beach, Eq. Jur. § 575; 3 Am. & Eng. Dec. in Eq. 10; 3 Enc. Pl. & Pr. 575.  A "publisher" is not authorized to make the affidavit of publication.  Sand. & H. Dig., § 4685.

RIDDICK, J., (after stating the facts.)  There are only two questions presented by this appeal.  The first relates to the sufficiency of the affidavit showing the publication of the notice of the proceeding to confirm the tax title of Porter.  It is said that this affidavit purports to have been made by the publisher of the paper, instead of by the editor or proprietor, as required by the statute.  But the publication may have been proved in some other way than by the affidavit mentioned.  The decree of confirmation recites a finding by the court that the petitioner had given due and legal notice of such proceeding, and, in the absence of any showing to the contrary in the record, we must presume that this finding was correct.  *Porter* v. *Dooley*, 66 Ark. 1; Sand. & H. Dig., § 4685.

The other question is whether one seeking to confirm a tax title must show that he has made three regular payments of taxes after the period of redemption has expired.  Porter purchased the land in controversy at a sale of land for delinquent taxes on the 9th day of June, 1890.  The time for redemption expired on the 9th June, 1892.  At the hearing of his petition for confirmation he exhibited tax receipts showing that he had paid taxes on the land for 1891, 1892 and 1893. These payments were made at the regular time of paying taxes for said years; that is to say, the taxes for 1891 were paid in 1892, the taxes for 1892 in 1893, and those for 1893 in 1894. It is contended that these payments were not sufficient to meet the requirements of the law.  The statute provides that there shall be no "confirmation of the sale of lands unless the petitioner or his grantor or those under whom he claims title has paid the taxes on the lands for at least two years after the expiration of the right of redemption, said payment of taxes to be three consecutive years immediately prior to the application to confirm.  *  *  *  Copies of the tax receipt showing payment of the taxes for the three years next preceding the publication of the notice to confirm shall be filed with the petition."

Section 2, Act March 27, 1893 (Sand. & H. Dig., §§ 630, 632.) Now, an examination of sections 2 and 3 of the statute will disclose that it three times refers to the matter of these three consecutive payments which must be made before the filing of the application to confirm. The statute not only requires such payments to be made, but directs that copies of the tax receipts showing them shall be filed with the petition to confirm, and emphasizes this matter by expressly requiring that the tax receipts be exhibited to the court on the trial of the cause. It thus appears that this was considered to ·be a very important feature of the act, and it would seem that, if the legislature intended that these three payments should be made after the expiration of the time of redemption, it would have expressly said so; but there is no such statement in the statute. The only requirement as to the number of payments to be made after that time is that the petitioner, or those under whom he holds, must have paid the taxes for at least two years after the expiration of the right of redemption. We take this to mean that there must be two regular annual payments of taxes made after the right of redemption has expired.

The words immediately following—"said payment of taxes to be three consecutive years immediately prior to the application to confirm"—tend, we admit, to support the contention of appellee, and cause some doubt in our minds as to the meaning of the act. But, after consideration of the whole statute, a majority of the court are of the opinion that the act requires only two regular payments of taxes to be made after the expiration of the right of redemption, and that the three consecutive payments mentioned may consist of one before and two after the right to redeem has expired.

We are of the opinion that there is no error apparent upon the record, and the court erred in so holding. Judgment reversed, and cause remanded, with an order to dismiss the complaint for want of equity.