## PALMER *v.* OZARK LAND COMPANY.

Opinion delivered February 18, 1905.

1. TAX TITLE—DEGREE OF CONFIRMATION—COLLATERAL ATTACK.—A decree confirming a tax title is not open to collateral attack because the affidavit of publication of the warning order was made by one of the publishers of the newspaper in which it was published, instead of by the "editor, proprietor, manager, or chief accountant," as required by Sandels & Hill's Digest, § 4685. (Page 254.)

2. TAX TITLE—WHO MAY ACQUIRE.—The mere fact that one claims title to land will not prevent him from acquiring title thereto by purchase at tax sale, if he neither owned nor was in possession of the land, and stood in no such relation to the owner of it as would prevent his acquiring such title. (Page 255.)

Appeal from Clay Chancery Court, Western District.

EDWARD D. ROBERTSON, Chancellor.

Affirmed.

*W. N. Barron* and *D. Hopson,* for appellants.

The tax sale was invalid. 39 Ark. 201; Black, Tax Titles, § § 471, 474, 201. The decree of confirmation is void. 48 Ark. 238; 65 Ark. 90; Sand. & H. Dig. § § 629, 4635; 39 Ark. 61; 65 Ark. 353. Proof of publication was insufficient. 52 Ark. 314; 65 Ark. 90.

*M. F. Collier* and *Hawthorne & Hawthorne,* for appellee.

The appellee had a right to acquire title by purchase at the tax sale. 21 Ark. 374; 53 Ark. 428; Cooley, Tax. 973; 45 Mich. 59; 36 Ia. 534; 27 Pa. St. 160; 30 Mich. 118; 85 Ia. 130; 56 Ark. 193. No inquiry can be made into the decree of confirmation. 78 S. W. 794; 83 S. W. 326; 47 Ark. 131; 52 Ark. 400; 57 Ark. 49; 66 Ark. 1, 180; 68 Ark. 211.

RIDDICK, J. This is an action brought by Lowell M. Palmer and others to set aside and cancel certain tax deeds of the defendant as clouds upon their title. The plaintiffs show a chain of title from the Government down to themselves to certain lands in in Clay County, while the defendant claims to own by virtue of a tax deed and a decree confirming the same.

The only objection urged to the decree confirming the tax title is that the proof of publication of the notice was not made as required by the statute. The affidavit showing the publication of the notice was made by a person who states in the affidavit that he was one of the publishers of the paper in which the notice was published, whereas the statute required such affidavit to be made by the "editor, proprietor, manager or chief accountant." Sand. & H. Dig. § § 629, 4685. But this is a collateral·attack on the decree of confirmation, and the mere fact that the court may have admitted incompetent evidence to show publication of notice does not render the decree of confirmation void, for that was an error that should have been corrected by appeal. It is the publication of the notice, and not the proof of it, that gives jurisdictoin to the court, and a mere defect in the proof is not material

on a collateral attack.  *Clay* v. *Bilby,* 72 Ark. 101; *Porter* v. *Tallman,* 68 Ark. 211; *Webster* v. *Daniel,* 47 Ark. 132.

Again, the plaintiffs contend that, as the defendant at the time of this tax purchase was claiming some interest in the land, it was therefore its duty to pay the taxes on the land; that it can acquire no right by failing to perform such duty; and that in equity its purchase at the tax sale should be treated only as a payment of the taxes.  They further contend that the confirmation decree cured only informalities and defects in the procedure leading up to the tax sale, but that it did not have the effect of vesting title in defendant under such circumstances.

Now, the evidence shows that defendant was never in possession of this land, and never owned it until it acquired title by its purchase at the tax sale and the decree confirming the same.  Not being the owner or in possession of the land under claim of title, it was under no obligation to pay the taxes.  Such claim as the company made to the land was altogether adverse to the claim of plaintiffs, and it stood in no such relation to plaintiffs as justified plaintiffs in supposing that it would pay the taxes for them.  We see nothing in the facts of this case which forbids defendant from relying upon its purchase at the tax sale and the title acquired thereby. · *Staley* v. *Leomans,* 53 Ark. 428;  *Burgett* v. *Williford,* 56 Ark. 193;  *Seymour* v. *Harrison,* 85 Iowa, 130; *Blackwood* v. *Van Vleit,* 30 Mich. 118; *Jeffery* v. *Hursh,* 45 Mich. 59; Cooley, Taxation (3d Ed.), pp. 973-5. There are some expressions in the opinion in the case of *Jacks* v. *Dyer,* 31 Ark. 334, which may seem to lay down the rule that the mere fact that one claims title to land prevents him from acquiring title to such land by purchase at a tax sale, but the facts of that case show that the court was speaking of one who was in possession of the land, and whose duty the court said was to pay the taxes.

On the whole case, we are of the opinion that the judgment should be affirmed, and it is so ordered.