MAGNESS v. HARRIS.

Opinion delivered November 26, 1906.

1. TAX SALE—RECORD OF DELINQUENT LANDS.—A tax sale is void where the county clerk failed to make a certified record, before the day of sale, of the list of lands and notice of sale, as required by Kirby's Digest, § 7086. (Page 585.)

2. SAME—FORFEITURE OF LIFE TENANT'S ESTATE.—Kirby's Digest, § 7132, providing that "if any person who shall be seized of lands for life, or in right of his wife, shall neglect to pay the taxes thereon so long that such lands shall be sold for the payment of taxes, and shall not within one year after such sale redeem the same according to law, such person shall forfeit to the person or persons next entitled to such land in remainder or reversion all the estate which he or she

so neglecting as aforesaid may have in said lands," etc., does not contemplate that a void tax sale shall work a forfeiture to a remainderman of the estate of the life tenant. (Page 585.)

3. WASTE BY LIFE TENANT—NONPAYMENT OF TAXES.—The common-law rule as to forfeiture of a life tenant's estate for waste in failing to pay taxes has been superseded by Kirby's Digest, § 7132. (Page 586.)

Appeal from Cleburne Circuit Court; *Elbridge G. Mitchell,* Judge; affirmed.

*George W. Reed,* for appellants.

1. By ancient statute, any act of waste was a cause of forfeiture of a life tenant's estate. 6 Edw. I, c. 5; 2 Blackstone's Com. 283; Coke on Littleton, 218. Neglect of a tenant to pay taxes is waste. 4 Kent, Com. 74; 5 Hun, 28; 22 Me. 331; 42 Ore. 437. And a life tenant is liable for all expenses for preservation of the property and the payment of taxes. Pingrey on Real Prop. § 318. See also 12 Me. 436; 19 Me. 291; 51 Me. 436; Code Ga. (1895), § 3090.

2. If appellee was a life tenant, and if she neglected to pay the taxes until the land was sold for same, and failed to redeem from such sale within one year thereafter, she forfeited to the remainderman all her right and the title to said land. Kirby's Digest, § 7132; 11 Chase, Stat. Ohio, 1368-9; 5 Ohio, 28; Stat. N. C. (1905), § 2859; 46 N. C. 100; 74 Ga. 278. See, also, Stat. Mass. (1882), ch. 179, § 1; 5 Pick. 192; 7 *Id.* 152; *Id.* 309; Code Iowa, 1897, § 4303; Ann. Stat. Neb. (1903), § 1646; General Laws, R. I. (1896), ch. 268; 1; *Id.* ch. 264, § 27; Gen. Stat. N. J. (1895), 3749, § 3; Scribner on Dower (2 Ed.), ch. 31, § 50.

McCULLOCH, J. This is an action at law brought by appellants, who were heirs at law of Robert Magness, deceased, against appellee, who is the widow of said decedent, to recover possession of a tract of land owned by said decedent. The land in controversy had been duly assigned to the widow as part of her dower. She failed to pay the taxes assessed against it for the year 1900, and the same was sold by the tax collector on June 11, 1901, and purchased by one of the appellants, who received a deed therefor from the county clerk after the expiration of the statutory period of two years allowed for redemption of lands sold for taxes.

The tax sale was illegal and void by reason of the failure of the county clerk to make a certified record, before the day of sale, of the list of lands and notice of sale, as required by the statute (*Logan* v. *Eastern Arkansas Land Co.,* 68 Ark. 248; *Hunt* v. *Gardner,* 74 Ark. 583), but appellants assert that the purchase at the void tax sale was in effect a payment of the taxes legally assessed, and that appellee, by failure to pay the taxes and by suffering the land to be sold therefor, forfeited her life estate therein.

The statute under which it is claimed appellee forfeited her estate in the land reads as follows:

"If any person who shall be seized of lands for life, or in right of his wife, shall neglect to pay the taxes thereon so long that such lands shall be sold for the payment of taxes, and shall not within one year after such sale redeem the same according to law, such person shall forfeit to the person or persons next entitled to such land in remainder or reversion all the estate which he or she, so neglecting as aforesaid, may have in said lands, and the remainderman or reversioner may redeem the lands in the same manner that other lands may be redeemed after being sold for taxes; and, moreover, the person so neglecting as aforesaid shall be liable in an action to the next entitled to the estate for all damages such person may have sustained by such neglect." Kirby's Digest, § 7132.

In *Swan* v. *Rainer,* 59 Ark. 364, the facts were that the life tenant, while in possession of the land, failed to pay the taxes and purchased it at the tax sale, and the court held that the purchase amounted only to a payment of the taxes, that the sale was therefore void, and that no forfeiture of the estate of the life tenant was worked under the statute in question. The court there said: "The sale being void and the taxes paid, there was nothing to redeem and consequently no redemption was required."

It follows from this that a void sale does not work a forfeiture to a remainderman of the estate of the life tenant. The statute in question manifestly has reference only to a valid sale. And it is a sale for taxes, not a mere failure to pay taxes within the time prescribed by law, which works a forfeiture, as the statute provides that if the life tenant "shall neglect to pay taxes thereon so long that such lands shall be sold for the payment of

taxes, and shall not within one year after such sale redeem the same according to law, such person shall forfeit * * * all the estate which he or she, so neglecting as aforesaid, may have in said lands." The manifest purpose òf the statute is to afford the remainderman an opportunity to redeem during the last of the two years allowed by law for redemption of lands from a valid tax sale and to cause a forfeiture of the estate of the life tenant for failure to redeem from such sale within the first year.

Counsel for appellant rely upon the case of *Stetson* v. *Day,* 51 Me. 434, as decisive of the question that in an action for waste committed by allowing the premises to be sold for taxes, the life tenant can not show the illegality of the sale in order to defeat the action. That decision was based upon the Maine statute declaring generally a forfeiture of the life tenant's interest in the premises for waste as well as a right of action to recover damages for waste. The action was one to recover damages only, and the court held that damages could be recovered for the waste, notwithstanding the invalidity of the sale. Aside from any statute on the subject, it is the duty of a life tenant to pay current taxes on lands, and the failure to discharge such duty is an act of waste for which the remainderman may recover any amount paid out by him in satisfaction of the tax lien, but it does not authorize a recovery by the remainderman of the lands held in life tenancy.

Decisions of courts of some other States are brought to our attention which hold that a life tenant by failure to pay taxes forfeits his estate, but it is found that those decisions are based upon statutes different from our statute in question, and which expressly provide for such forfeiture. *McMillan* v. *Robbins,* 5 *Ohio,* 28; *Dozier* v. *Gregory,* 46 N. C. 100; *Stetson* v. *Day,* 51 Me. 434.

The Statute of Gloucester (6 Edw. I, c. 5) provided for a forfeiture of the life tenant's estate for any act of waste, and there is some conflict in the authorities in this country whether, in the absence of legislation, that statute is in force as a part of the common law; but the weight of authority is, we think, against declaring forfeiture of the estate on account of waste. *Woodward* v. *Gates,* 38 Ga. 205; *Phelan* v. *Boylan,* 25 Wis. 679; *Robinson* v. *Miller,* 2 B. Mon. (Ky.), 284.

Be that as it may, however, we entertain ho doubt that our

statute supersedes the common-law rule as to forfeiture for waste in failing to pay taxes.

Judgment affirmed.

80. 587
84  183