### MERCANTILE TRUST COMPANY *v.* ADAMS.

Opinion delivered June 6, 1910.

1. WILLS—ESTATE CONVEYED.—At common law, a devise of land to A upon condition that it should not be disposed of by her during her lifetime, and, if she dies without heirs of her body, then the property should go to her sister, creates an estate tail by construction. (Page 339.)

2. WILLS—ESTATE UPON CONDITION—WHO MAY ENTER.—If an estate be devised upon condition subsequent, no one except the heirs of the devisor can take advantage of a breach of such condition. (Page 340.)

3. WILLS—FEE TAIL—EFFECT UNDER STATUTE.—Under Kirby's Digest, § 735, where a person becomes seized in fee tail of any land by virtue of a devise, the land vests in such person for his natural life only with remainder in fee simple in his children. (Page 340.)

4. STATUTE—CONSTRUCTION.—Kirby's Digest, § 738, providing that "this act (referring to § § 731-7, *Id.*), shall not be construed so as to embrace last wills and testaments," means that such sections shall not be interpreted to include last wills and testaments in any section where they are not mentioned. (Page 340.)

5. LIFE ESTATE—FORFEITURE FOR TAXES—EFFECT.—Under Kirby's Digest, § 7132, providing that if any person seized of lands for life shall neglect to pay the taxes thereon so long that such lands shall be sold for the taxes, and shall not redeem the same according to law he shall forfeit his estate to the remainderman, etc., *held*, that a life tenant does not forfeit her estate where she procures another to purchase the land at tax sale for her benefit. (Page 341.)

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; affirmed.

*Rose, Hemingway, Cantrell & Loughborough,* for appellant.

Wills should be so construed as to carry out the intention of the testator. 75 Ark. 19. The first taker under the will took only a life estate, and the fee passes to the person who would take as heir of the first taker. 44 Ark. 458; 58 Ark. 403; 67 Ark. 517; 72 Ark. 336; 49 Ark. 125. Mrs. Bard's life estate was forfeited by the tax sale to Mercer. Kirby's Dig., § 7132; 59 Ark. 364; 80 Ark. 583.

*Bradshaw, Rhoton & Helm,* for appellees.

Section 735, Kirby's Digest, does not apply to wills. *Id.* § 738. Courts will, on discovering that they have rendered an opinion in conflict with a valid statute, correct the error. 59 Ark. 326; 33 Ark. 517; 35 Ark. 395; 37 Ark. 370. Alice Bard took the estate upon conditions subsequent. Tied. on Real Prop., § § 451, 272; 1 Warv. on Ven. 451; 2 Ping., Real Prop. 739, 740. When the conditions are subsequent, the estate vests subject to be defeated. 26 Ark. 617; 3 Ark. 252; 50 Ark. 141. The word "heirs" is not necessary to convey a fee simple. Kirby's Dig., § 733. The gift is absolute, and the limitation over is void. 81 Ark. 480; 3 Ark. 187; 82 Ark. 209; Underhill on Wills, vol. 2, § 689; Page on Wills, § 684; 72 Ark. 296. The will did not create an estate tail. 51 Ark. 61; 52 Ark. 113; 61 Ark. 366; 58 Ark. 306; 67 Ark. 521.

BATTLE, J. We adopt appellant's abstract of the pleadings in this case, which is as follows:

"Howard Adams, as trustee of the People's Savings Bank, commenced suit on March 18, 1908, in the Pulaski Chancery Court against W. D. Bard, Alice R. Bard, his wife, R. W. Porter, trustee for the Citizens' Investment & Security Company, as agents, P. H. Fullinwider and ——— Smith, seeking to foreclose a mortgage executed by W. D. Bard and Alice R. Bard, his wife, to Howard Adams, as trustee, on the 21st of April, 1903. The property is described as lot 6 and the south half of lot 5, in block 23, city of Little Rock. The amount of the indebtedness was $2,300, due five years after date, with interest at the rate of 8 per cent. per annum. Service was had on the defendants.

"On April 1, 1908, the Mercantile Trust Company, as curator of the estate of William D. Bard, Jr., Mary Frances Bard, and Nancy Nichol Bard, children of W. D. and Alice R. Bard, filed its intervention and cross complaint in the cause against Howard Adams, as trustee for People's Savings Bank, W. D. Bard, Alice R. Bard and others, alleging that said William D. Bard, Jr., Mary Frances Bard and Nancy Nichol Bard were minors under the age of fourteen years, and heirs of the body of Alice R. Bard; that said minors were the owners in fee of lot 6 and the south half of lot 5 aforesaid, and that their mother, Alice R. Bard, was at one time the owner of a life estate therein; that said minors became seized of the fee by virtue of the provisions of the will of Elizabeth A. Crisman, which was executed by her on the 6th of August, 1896, and duly admitted to probate on the 3d day of December, 1896; that said will, among other things, provided as follows:

" 'First. I give and bequeath to Alice R. Bard my residence in Little Rock, lot number 6 and the south half of lot number 5, in block 23, upon the following conditions: Said lots are not to be disposed of by the said Alice during her lifetime; and if she dies without heirs of her body, then said property shall go to my sister, Alice B Reid, if living, and, if dead, then to her two daughters, Maude and Alice; and I bequeath to said Alice R. Bard my piano, and if she die without heirs of her body said piano shall go to the said Maude and Alice Reid.'

"That on the 21st day of April, 1903, Alice R. Bard and her husband, W. D. Bard, executed a deed of trust to Howard

Adams, as trustee, wherein they mortgaged only the life estate of the said Alice R. Bard in said property; that on the 25th day of May, 1904, Alice R. Bard and her husband executed a deed of trust to R. W. Porter, as trustee for the Citizens' Investment & Security Company for $500, and again on September 6, 1906, they executed a deed of trust to Porter, as trustee, for $318; that at the time of the execution of the deeds of trust Alice R. Bard was in possession of the property, collecting the rents thereon, and was at the time of the filing of the intervention herein in possession of the same; that she suffered the property to forfeit for the nonpayment of taxes for the year 1904, and on the 20th of June, 1907, the property was sold by the clerk of Pulaski County to A. J. Mercer, who now holds a tax deed for the same; that Mercer was an employee of the People's Savings Bank, and through an agreement between him and the People's Savings Bank the property was permitted to forfeit for taxes and to be bought in by him in his own name, but that he was in truth acting as agent and in the interest of the People's Savings Bank; that the bank and Mercer intended thereby to acquire the fee simple to the lots and to hold the title to the same and thereby to defraud William D. Bard, Jr., Mary Frances Bard and Nancy Nichol Bard of their interest in the lots; that by reason of the forfeiture for the taxes of 1904, the sale and the deed of the clerk to Mercer, Alice R. Bard had forfeited her life estate to the property, and that the minors were then entitled to the immediate possession of the property and to redeem from the tax sale." Prayer "that the intervention be taken as a cross complaint against all of the plaintiffs and defendants; that the will of Elizabeth S. Crisman be construed, and that Alice R. Bard be decreed to have taken thereunder a life estate only, with a remainder in fee to the minor heirs; that the life estate be decreed to be forfeited and terminated by reason of the tax forfeiture and sale, and the minors be given immediate possession of the property and be permitted to redeem from the tax sale; that the deed to Mercer from the clerk of Pulaski County be set aside, and that the deeds of trust from Alice R. Bard and her husband to Howard Adams, as trustee, and to R. W. Porter, as trustee, be declared to be void as liens upon the property, and that they be removed as clouds upon the title," etc.

The appearance of all parties to this intervention and cross complaint was duly entered or service of summons had in the manner required by law.

Howard Adams, as trustee, demurred to this intervention and cross-bill upon two grounds: First, because he alleged that there was a defect of parties defendant made by the intervention, in that the minors had no interest whatever in the controversy. Second, because the intervention did not state facts sufficient to constitute a cause of action in favor of the Mercantile Trust Company as curator of the estate of the minors, in that the minors are shown by the intervention to have no interest whatever in the land in controversy under the will of Elizabeth A. Crisman.

Ruling upon the demurrer was reserved by the chancellor until final decision of the cause.

On the 13th of November, 1909, Howard Adams, as trustee, filed an answer to the intervention and cross complaint of the Mercantile Trust Company as curator, by which he denied that the minors were the owners in fee of the property, and that the minors became vested with any estate by virtue of the provisions of the will of Elizabeth A. Crisman; he admitted that Alice R. Bard was in possession of the property at the time of the making of the deeds of trust, and that Mercer held a tax deed to the property. He denied that the property was permitted to forfeit for taxes and to be bought in by Mercer by reason of the alleged agreement between him and the People's Savings Bank. He denied that by reason of the forfeiture of the property for taxes Alice R. Bard had forfeited her life estate in the property, and that the minors were entitled to the immediate possession thereof. He alleged that Alice R. Bard was not able to pay the taxes on the land, and suffered the same to become delinquent, and that the lands were about to be sold for taxes; that she asked the plaintiff to purchase the land at tax sale for her use and benefit in order to prevent the land from getting into alien hands; that said bank agreed to and did become the purchaser of the lands at tax sale, and directed that the deed be made to Mercer, its agent and representative; that Mercer holds the tax deed for the use and benefit of the plaintiff and Alice R. Bard; that the purchase at the tax

sale was in fact a payment of the taxes by Alice R. Bard, and hence no forfeiture occurred.

On November 13, 1909, the Mercantile Trust Company filed an amendment to its intervention and cross complaint, by which it charged that it was provided in the will of Elizabeth A. Crisman that "said lot is not to be sold or disposed of by. the said Alice during her lifetime," and that Alice R. Bard had no power to sell or to mortgage the same to Howard Adams, as trustee, or to any one else, and that the mortgagees acquired no right or interest in any estate which Alice R. Bard had in or to the property, and were not entitled to foreclose the mortgage.

On September 29, 1909, Howard Adams, as trustee, filed an amendment to his answer to the intervention and cross-complaint in which he set up that the rents and proceeds from the property were being collected by the Mercantile Trust Company as curator upon the theory that, if the court should hold that the plaintiff had no right, title or interest in the lands, the moneys so received should be paid to the minors; but alleged that said minors had no interest in said fund, and that the rents should be appropriated towards the paying of insurance and taxes upon the place; that the rents in truth belonged to the defendant Alice R. Bard, who executed the note sued upon, and that she had not sufficient security to pay the mortgage. He therefore prayed a garnishment against the Mercantile Trust Company for the sum of money now held by it, which he charged was more than $200. He propounded to the Mercantile Trust Company the following interrogatory:

"What sum do you hold in your hands as the proceeds from the collection of the rents and profits from the property in controversy?"

Elizabeth A. Crisman by a will executed by her on the 6th day of August, 1896, and duly admitted to probate on the 3d day of December, 1896, devised as follows: First. I give and bequeath to Alice R. Bard my residence in Little Rock, lot number 6 and the south half of lot number 5, in block 23, upon the following conditions: Said lots are not to be disposed. of by the said Alice during her lifetime; and if she dies without heirs of her body, then said property shall go to, my sister,

Alice B. Reid, if living, and, if dead, then to her two daughters, Maude and Alice; and I bequeath to Alice R. Bard my piano, and, if she die without heirs of her body, said piano shall go to the said Maude and Alice Reid."

The land was forfeited for the nonpayment of the taxes of 1904, and was thereafter conveyed to A. J. Mercer; and he continuously paid the taxes on the property since then. We think the preponderance of the evidence shows that he purchased the property and paid the taxes on it for Mrs. Bard.

"On November 13, 1909, the court below heard the case and entered a decree overruling the demurrer of the plaintiffs to the intervention and cross-complaint, and finding that Alice R. Bard had a life estate in the lands described, with the fee in her children and such children as might thereafter be born to her; also holding that the tax deed acquired by A. J. Mercer was not in conflict with the title of Alice R. Bard or her minor children, but that the acquisition of the tax deed by him was in effect a payment of the taxes by Alice R. Bard. Thereupon the court further decreed that the plaintiff have and recover of the defendants W. D. and Alice R. Bard the sum of $3,514.80, and that said sum be a lien upon the property described, prior and paramount to any right, title or interest of W. D. or Alice R. Bard. Ordered a sale of the interest of W. D. and Alice R. Bard in the property for the purpose of paying the debt. From this decree the Mercantile Trust Company, as curator, has appealed."

The effect of the will in question is a devise to Alice R. Bard for life and an estate tail to the heirs of her body. There was no direct limitation to the heirs of Alice R. Bard, but it is obvious that the testatrix intended that the heirs of her body should take it at her death, for the testatrix devised it to her sister, Alice B. Reid, if living, and if dead, then to her two daughters, Maude and Alice, in case she has no such heirs, and only in that contingency. The heirs of the body of Alice R. Bard would take under the statute *de donis conditionalibus* an estate tail by construction. *Hayward* v. *Howe,* 12 Gray 49; *Allen* v. *Trustees,* 102 Mass. 262; 1 Washburn on Real Property (6 ed.), § 192; Tiedeman on Real Property (3 ed.), § § 39, 41, and cases cited.

Appellees contend that the lots in controversy were devised to Alice R. Bard in fee simple, and that any limitation in the will of that estate was void, and cite *Bernstein* v. *Bramble,* 81 Ark. 480, to support this contention. Such construction would make it necessary to strike out more than one-half of the sentence by which the devise was made, that is to say, the words: "Upon the following conditions: Said lots are not to be disposed of by the said Alice during her lifetime; and if she dies without heirs of her body, then said property shall go to my sister, Alice B. Reid, if living, and, if dead, then to her two daughters, Maude and Alice," and leave the idea intended to be conveyed · unexpressed. The whole sentence expresses one consistent thought, and every part of it is necessary to do so, and must be so construed, and, construed in this manner, a life estate, and no other, was devised to Alice R. Bard. *Hayward* v. *Howe,* 12 Gray 49. *Bernstein* v. *Bramble, supra,* does not support the contention of appellees.

If the estate devised to Alice R. Bard be an estate upon condition, no one except the heirs of the testatrix can take advantage of the condition, it being subsequent. 2 Washburn on Real Property (6 ed.), § 954; 4 Kent's Commentaries (12 ed.), § 122. And they have not done so.

Under the statutes of this State the lots in question vested in Alice R. Bard for life and in her children, living at her death, in remainder in fee simple. Kirby's Digest, § 735.

But appellees say the statute cited does not embrace wills; for section 738 of the same digest says: "This act shall not be construed so as to embrace last will and testaments."

Sections 735, 738 and 739 of Kirby's Digest were taken from the Revised Statutes, and are sections 5, 8 and 9 of chapter 31 of those statutes. Sections 5 of chapter 31 and 735 of Kirby's Digest provide: "In cases when by common law any person may hereafter become seized in fee tail of any lands or tenements, by virtue of any devise, gift, grant or other conveyance, such person, instead of being or becoming seized thereof in fee tail, shall be adjudged to be and become seized thereof for his natural life only, and the remainder shall pass in fee simple absolutely to the person to whom the estate tail would first pass according to the course of the common law by virtue of such devise, gift, grant or conveyance."

Sections 8 of chapter 31 and 738 of Kirby's Digest provide: "This act shall not be construed so as to embrace last will and testaments."

Sections 9 of chapter 31 and 739 of Kirby's Digest provide: "Every interest in real estate, granted or devised to two or more persons (other than executors and trustees as such) shall be in tenancy in common, unless expressly declared in such grant or devise to be a joint tenancy."

In two of these sections 5 and 735, and 9 and 739, wills and testaments are expressly embraced by the use of the word "devise." Do 9 and 739 mean to say they shall not be included in those sections? They do not. The language of it is, this act (chapter 31 of Revised Statutes) "shall not be construed so as to embrace last wills and testaments." "Shall not be construed." Dr. Lieber, in his work on Hermeneutics, says: "Construction is the drawing of conclusions respecting subjects that lie beyond the direct expression of the text—conclusions which are in the spirit, though not within the letter, of the text." Lieber's Hermeneutics (Hammond's ed.), 44.

Black on Interpretation of Laws says: "Construction, as applied to written law, is the art or process of discovering and expounding the meaning and intention of the authors of the law with respect to its application to a given case, when that intention is rendered doubtful either by reason of apparently conflicting provisions or directions, or by reason of the fact that the given case is not explicitly provided for in the law." (Page 1, § 2). See also *Terre Haute & Logansport Rd. Co.* v. *Erdel*, 158 Ind. 344, 347. Many other authorities to the same effect might be added, but need not be.

Section 8 of the Revised Statutes (738 of Kirby's Digest) means that chapter 31 of Revised Statutes shall not be interpreted to include last wills and testaments in any section where they are not mentioned.

Appellants contend that Mrs. Bard's life estate was forfeited by the sale of the lots in controversy for taxes, under section 7132 of Kirby's Digest, which provides:

"If any person who shall be seized of lands for life, or in right of his wife, shall neglect to pay the taxes thereon so long that such lands shall be sold for the payment of the taxes, and

shall not, within one year after such sale, redeem the same according to law, such person shall forfeit to the person or persons next entitled to such land in remainder or reversion all the estate which he or she, so neglecting as aforesaid, may have in said lands, and the remainderman or reversioner may redeem the lands in the same manner that other lands may be redeemed after being sold for taxes; and, moreover, the person so neglecting as aforesaid shall be liable in an action to the next entitled to the estate for all damages such person may have sustained by such neglect."

The preponderance of the evidence shows that Mercer purchased the lots for Mrs. Bard. That was a payment of the taxes for which they were sold; and no forfeiture thereby accrued. *Swan* v. *Rainey,* 59 Ark. 364.

Decree affirmed.