### WARD v. WARD.

#### Opinion delivered October 18, 1915.

VENDOR AND PURCHASER—NOTES—VENDOR'S LIEN—CURTESY.—Where appellee sold his interest in certain lands to his sons, the lands having belonged to his wife, and their mother, appellee's interest in said land arising from his right of curtesy, and the payment of certain debts of the wife's estate, *held* appellee could recover on said notes, under the facts.

Appeal from Clay Chancery Court, Eastern District; *Edward D. Robertson,* Chancellor; affirmed.

##### STATEMENT BY THE COURT.

Appellee brought this suit upon two purchase money notes, to foreclose a vendor's lien retained in a deed conveying certain lands to appellants.

The complaint alleges that appellants inherited the lands from their mother, Josephine Ward, wife of appellee, upon her death and that he, the father of appellants paid off judgment liens and purchase money notes, by which the lands were encumbered, amounting to the sum for which the notes sued on were executed, and that he also sold to them his curtesy interest in the lands for said sum.

Appellants answered and admitted the execution of the notes, and that they had refused to pay same, but denied that there were any judgment liens or purchase money notes outstanding against the lands that had been

paid by their father, appellee; that he was entitled to a lien against the property on account of any such payment or for the payment of the notes executed by them, and alleged that the consideration for the notes had failed.

They allege by cross-complaint that appellee had fraudulently and falsely represented to them that judgment and purchase money liens existed against the land for the sum of $450 and induced them to execute the notes sued on to relieve the lands from such liens. Denied that there were any liens of any kind existing against the property and charged that the notes were obtained by such fraudulent and false representations. They alleged further that the appellee was in possession of the lands, enjoying the rents and had remained so since the execution of the notes and collected rents amounting to more than $500 and converted timber from the lands to the value of $250 and had failed to pay the taxes of $150 due thereon and asked judgment, for the difference between the amount of the notes sued on and the amounts alleged in their cross-complaint.

The testimony tends to show that Josephine Ward died in 1900, the owner of the lands and that appellee became the administrator of the estate; that there were debts amounting to about $450 and assets of the value of $250 to $260; that appellee executed a deed to his children, the appellants, conveying his curtesy interest in the lands in consideration of the notes sued on, which also covered the amount the estate was due him for judgments paid off and liens discharged.

There was some testimony about improvements upon the place made by him, for which appellants had agreed to pay $200, and also for the clearing of some lands which had not been paid.

His final settlement as administrator showed a balance due him of $444 and that the taxes had been charged against the estate in each settlement.

He said he had charged himself in the settlements for the rents collected from the lands and when he sold

them to appellants it was agreed that they would pay the delinquent taxes and make no claims for the timber cut.

The fences and houses built by appellee were worth about $375. Appellants admitted the execution of the notes; that appellee had a life estate in the lands and insisted that they were entitled to the rents for the year of 1911, the deed having been made to them in June and that appellee had forfeited the life estate by failure to pay the taxes and a sale therefor not redeemed from by him within a year thereafter, and that his right was forfeited on this account before and at the time of the conveyance of which appellants had no knowledge and that the notes were therefore without consideration.

They also denied that there was any judgment lien against the land that had been discharged by appellee before the execution of the notes sued on. From the decree foreclosing the lien, appellants appeal.

*R. H. Dudley,* for appellants.

The notes executed by appellants to appellee were without consideration and void, because of his failure to pay taxes on the land, the subsequent sale thereof and his failure to redeem the same from such sale, whereby he forfeited his estate in the land. He having no estate to convey, the notes were without consideration. Kirby's Dig., § 7132; 80 Ark. 583; 52 O. St. 318; 32 L. R. A. 805.

Appellee, *pro se.*

1. The question as to forfeiture of appellee's estate by reason of non-payment of taxes and consequent want of consideration, was not raised in appellants' answer, and that issue cannot be raised here for the first time. 101 Ark. 95; *Id.* 250; 95 Ark. 593; 80 Ark. 245; 94 Ark. 390.

Before they could insist that appellee had forfeited his life estate in the lands by reason of his failure to pay taxes, it would be necessary for appellants to show that the lands were in fact sold for taxes, that the sale

was void, and that at least one year had elapsed without his having redeemed the lands. 80 Ark. 583; 59 Ark. 364.

The right of a remainderman to have a life estate forfeited for the non-payment of taxes by the life tenant, is only inchoate until decree by a court of competent jurisdiction. 1 Cin. Sup. Ct. Rep. 25.

2. The notes show that they were executed in settlement of the purchase money on part of the land, and the testimony shows that they were executed to appellee in settlement of a balance due him as administrator, as shown by his settlement, a part of which represents purchase money on the lands. Appellee's final settlement of the estate of Josephine Ward, evidences the fact that he had expended money for the estate and that the notes were to reimburse him.

The judgment of the probate court approving the acount of an administrator is final unless appealed from. 99 Ark. 229; 102 Ark. 309; 36 Ark. 303; 14 Ark. 122.

A descendant's real estate is subject to sale for the satisfaction of such a judgment. 97 Ark. 189.

KIRBY, J., (after stating the facts). The chancellor's findings in appellee's favor, that there was no failure of consideration of the notes sued on is supported by the testimony, which tends to show that the estate was indebted to appellee, as administrator, in a sum equal to the amount for which these notes were given and that his curtesy estate was also conveyed in consideration therefor.

No question was raised in the court below as to the forfeiture of the curtesy or life estate, on account of the failure to pay taxes thereon within the meaning of section 7132 of Kirby's Digest, nor did appellants insist there that they acquired the curtesy estate by such forfeiture. In other words, they recognized at the time of the execution of the notes appellee's life estate in the lands and purchased it without any representation on his part as to whether the taxes had been paid or not and they were in as good position to ascertain whether

such was the case as was appellee and should have done so for their own protection.

It is true that appellee was their father, but he was a man 80 years of age, whose judgment and statements relative to business transactions would not perhaps have been given great weight by appellants, who were of different ages, from majority up to 40 years and there was no showing of any false or fraudulent representations made by him. The testimony of appellants at best shows only that they did not know at the time of the conveyance and execution of the notes that the lands had been allowed to be sold for taxes and had not been redeemed and they stated that they would not have executed the notes if such fact had been known to them. It is not necessary under this state of case to decide whether or not appellee's curtesy estate had forfeited to appellants as remaindermen by reason of the tax sale and failure to redeem under the provisions of said section of the statute and the doctrine of *Magness* v. *Harris*, 80 Ark. 583.

The decree is affirmed.