Stull v. Harris.

## STULL V. HARRIS.

1.   INFANT: *Conveyance of: Disaffirmance: Coverture.*

Where an infant wife joins her husband in the execution of a deed to her lands, she may in the absence of any act on her part sufficient to ratify the conveyance, disaffirm it at any time during coverture.

2. SAME: *Same.*

The mere passive acquiescence of a married woman in a deed executed by her while she was an infant and covert, will not, though extending through many years, be sufficient during coverture to ratify the contract.

3. SAME: *Same: Return of consideration.*

An infant may in general disaffirm his contract without restoring the consideration received by him; but if it remains in his hands in specie at the time of disaffirmance, he must offer to restore it or its value as a condition to disaffirmance.

4. SAME: *Same.*

The plaintiff joined her husband in the execution of a deed conveying to the defendant lands which belonged to her, but in which her husband had an interest acquired by his marriage. In part payment of the price of the lands the defendant released $400 of a debt due to him from the plaintiff for necessaries furnished her during her minority and before her marriage. The residue of the purchase money was paid to the husband. On a bill to cancel the plaintiff's conveyance on the ground that it was executed during her infancy, *held:* That the plaintiff as a condition of obtaining the relief sought, must pay the defendant the $400 released on her debt to him, with legal interest from the date of the deed. But she will not be required to refund any part of the purchase money paid to her husband.

APPEAL from *Crittenden* Circuit Court in Chancery.

W. H. CATE, Judge.

Mrs. Mary A. Harris filed her complaint in equity against G. T. Stull, her brother-in-law, and John W. Harris, her husband, to cancel a deed executed by her and her husband in 1867, conveying to Stull her interest in certain real estate. She charged that at the time of making the deed she was a *feme covert* and a minor. The answer of Stull denies that the plaintiff was a minor when the conveyance was executed and denies her right to disaffirm it after the lapse of so many years, during which he alleges that she knew he was improving the lands at great expense and yet was silent as to any desire on her part to avoid the deed. He also insists that the action is barred by the statute of limitation—more than seven years having elapsed since the minority of the plain-

Stull v. Harris.

tiff ceased—and submits that if the deed is cancelled plaintiff should be required to pay him the full amount of a debt which was due to him at the time of the sale for necessaries furnished her during her minority and $400 of which was released by him in part payment of the purehase price of the lands, the residue of the price having been paid to the husband in money. He also claimed the value of his improvements and to be reimbursed for the taxes he had paid. The court below found that the deed was executed during the minority of the plaintiff and cancelled it as to her, without disturbing it as between John W. Harris and the defendant Stull. The court also decreed that during the life of John W. Harris the defendant Stull should retain the lands and that no account should be taken of purchase money, improvements or taxes. The defendant Stull appealed.

*O. P. Lyles*, for appellant.

The action is premature, from the fact that the rights of the husband, a life estate, passed by the deed to Stull. 42 Ark., 357, 360.

· Mrs. Harris has fully ratified the sale by affirmative acts and delay. She waited seventeen or eighteen years after her majority before suit. She saw her vendee spending money improving the land, yet remained silent. 20 Ark., 608; 1 Parsons on Cont., 295; 40 Ind., 148; 4 Chand. (Miss.), 39; 56 Me., 102; 5 Wait Ac. and Def., 61; 8 Me., 405; 6 Conn., 494; 7 Blackf., 442; 5 Ind., 300; 4 Harr. (Del.), 75; 2 Kent's Com., 236; 7 Wait's Ac. and Def., 144, 138-9, 141-2; 6 Ib., 687; 1 Gray, 455.

If she is allowed to rescind she ought to be required to refund the consideration and pay for the improvements. 46 Ark., 118; 33 Id., 490; 63 Penn. St., 406; 2 Ran., 6.

*W. G. Weatherford* and *J. C. Boals*, for appellee.

The cases of *Harrod v. Myers*, 21 Ark., 592, and *Bagley v. Fletcher*, 44 Id., 156, leave no doubt that plaintiff may of right, at any time during coverture elect to disaffirm her minority conveyance, and that this is a proper proceeding for that purpose. .

An infant may disaffirm without returning the consideration. 44 Ark., 293.

COCKRILL, C. J.

Where there has been no act on the part of the *quandam* infant from which a ratification of the contract after his majority may be inferred, his right to avoid a conveyance of his lands on account of his minority is not lost until his right of entry is barred by the statute of limitations. *Bozeman v. Browning*, 31 Ark., 364; *Kountz v. Davis* 34 Ib., 590. See *Chandler v. Neighbors*, 44 Ib., 479.

In the case of a minor who is also a married woman at the time the conveyance was executed, the right of disaffimance will exist as long as she remains covert, unless legislation has swept away the disability of coverture. Or, as Mr. Bishop expresses it, "If the infant is also a married woman, the disability of coverture enables her to postpone the act of avoidance to a reasonable time after the coverture is ended." 2 Bishop on Married Women, sec. 516. Such a party labors under a double disability—infancy and coverture—and it is the statutory rule in this State that when there are two co-existing disabilities when the action accrues, the party is not bound to act until the last is removed. Mansf. Dig., sec. 4503. In this case the right of entry has never accrued to Mrs. Harris. She was married before any of the married women's enabling acts were passed, except that which em-

r. INFANT: Convey- anceof: Dis- affirma n c e: Coverture:

powered the wife to sell her land by joining her husband in the conveyance. By the marriage the husband acquired a freehold interest in the land and became entitled to the rents and profits. It was an interest capable of sale. When, therefore, he and his wife joined in the execution of a deed to Stull, in 1867, Stull took the husband's right to the possession and enjoyment of the rents and also the wife's interest in the land subject to her right of disaffirmance. That she can file her bill to disaffirm during her husband's life was determined in *Harrod v. Myers*, 21 Ark., 592. She cannot, however, disturb the possession of her husband's vendee. The most that she could do during coverture was to give notice to her vendee of her intention to disaffirm or sue for that purpose, as she has done. Was it necessary that she should have done so earlier? Acquiescence in the possession where the right of entry exists does not bar the suit of a married woman under our statute. *Hershy v. Latham*, 42 Ark., 305. Where the right of entry does not exist, but the possession is rightful against her, by reason of the husband's conveyance of his estate, the statute does not run against her until coverture is ended. The statute of limitations has never been set in motion, therefore, in this case. The wife has done nothing to ratify the deed. Indeed, it was intimated in *Bagley v. Fletcher*, 44 Ark., 158, that a deed executed by a married woman who was under age at the time could not be confirmed during coverture except by deed. It is not necessary to determine the point in this case. The only argument for a ratification is based upon the assumption that Mrs. Harris stood by and permitted Stull to improve the land upon the faith of her conveyance. But that is not true. She has always resided in Tennessee and it is not shown that she had notice that the defendant was making improvements upon

Stull v. Harris.

the land. Moreover, the defendant was the absolute owner of an undivided two-thirds interest in the land, as well as the husband's life interest in the other third; and even if it was her duty to have inquired and learned what Stull was doing with the land, she might well have referred his improvements to his absolute estate. The proof shows nothing more than a passive acquiescence on the part of Mrs. Harris, and we have found no decision denying her right to disaffirm under such circumstances, at any time during coverture.

In *Sims v. Everhardt*, 102 U. S., 300, the privilege was exercised by the wife twenty-three years after her deed was executed and twenty-one years after she came of age; and in *Sims v. Bardoner*, 86 Ind., where the bill was filed during coverture as in this case, the disaffirmance was allowed twenty-seven years after the execution of the deed. S. C. 44 Am. Rep., 263. See too *Harrod v. Myers, supra; Watson v. Billings*, 38 Ark., 278; *Vaughan v. Parr*, 20 Ib., 600; *McMorris v. Webb*, 17 S. C., 558; *Wilson v. Branch*, 77 Va., 65; *Williams v. Baker*, 71 Penn. St., 476; *Youse v. Narcoms*, 12 Mo., 549; *Dodd v. Benthal*, 4 Heisk., 601; Schouler on Dom. Rel., sec. 96.

2. It is argued that the plaintiff should be required to refund the consideration paid by the vendee before rescinding. 3. SAME: Same: Return of consideration.

While it is a somewhat controverted point, it is settled here that an infant may disaffirm his contract without restoring the consideration. *Railway v. Higgins*, 44 Ark., 293. The rule is subject to the qualification that if the consideration received by the infant remains in his hands after he becomes of age, he at least becomes liable for its value on disaffirming the contract. *Railway v. Higgins, supra; Price v. Furman* and note, Ewell's Lead. Cases, 119, and cases collected in Field's Law of Infants, sec. 15.

If he appeals to equity to avoid his contract, that court may impose upon him the duty of returning the consideration he has in hand as a condition upon which relief shall be granted. *Hillyer v. Bennett*, 3 Edw. Chy., 222; *Eureka Co. v. Edwards*, 71 Ala., 248.

Now, the consideration which was paid to the husband in this case, not only did not come into the hands of the wife, but we may presume was paid to him for his interest in the land. There is, therefore, no obligation to refund it.

4. SAME:       But Mrs. Harris was legally bound to Stull for necessaries
Same.       furnished her during her minority. Upon her marriage her husband also became liable therefor and executed a note to Stull for the amount thus due; but that did not extinguish the wife's liability, for it is the rule that the execution of a note by one of several joint obligors is not payment of the prior indebtedness unless it is agreed that it shall be taken as such. *Henry v. Conley*, 48 Ark., 267. There was no agreement of that kind in this case. But Stull released $400 of the wife's .indebtedness to him as a part consideration of her conveyance, and he has been prevented thereby from collecting that amount of her as he has done the residue of that indebtedness. Now, to the extent that this indebtedness was discharged by the conveyance, to that extent does Mrs. Harris still hold the consideration. It is a benefit *in esse* and still enjoyed by her. It is inequitable to permit her to retain it and retake the land. She must pay this debt to Stull, with legal interest from the date of her conveyance as a condition of recovery.

The cause will be remanded with directions to modify the decree in accordance with this opinion.