## FLOWERS v. FLOWERS.

Opinion delivered November 25, 1907.

1. DOWER—CONVEYANCE OF, BEFORE ASSIGNMENT.—A widow's right of dower in her husband's property cannot, before assignment to her in the manner provided by law, be conveyed by her to a stranger so as to confer on him rights capable of assertion in a court of law, but such conveyance is enforcible in equity. (Page 558.)

2. TRUST—ADMINISTRATOR AS TRUSTEE.—An administrator stands in a trust relation toward those interested in the estate, including the widow and heirs. (Page 558.)

3. SAME—PURCHASE BY TRUSTEE.—A trustee may buy from the beneficiary where there is a distinct and clear contract, ascertained after a jealous and scrupulous examination of all the circumstances, where there is a fair consideration and no fraud or concealment, and where no advantage is taken by the trustee of information acquired by him in the character of trustee. (Page 559.)

4. WIDOW'S QUARANTINE—ASSIGNMENT.—The widow's right to hold intestate's dwelling house and farm attached until assignment of dower is a personal privilege, and not an estate in land, and cannot be transferred to another. (Page 559.)

Appeal from Garland Chancery Court; *Alphonso Curl,* Chancellor; affirmed with modification.

*R. G. Davies,* for appellants.

*George G. Latta,* for appellee.

McCulloch, J. Appellee, Henry Flowers, instituted this suit in equity against Josephine Flowers, the only child, Linnie Simons, the widow, and John H. Reece, the administrator of the estate of King B. Flowers, deceased, to recover and have assigned to him the dower interest of said widow in said estate which he alleged had been conveyed to him by her. He set forth in and exhibited with his complaint deeds executed to him by said widow purporting to convey her dower interest in the real estate and personal property of said decedent in consideration of the sum of $1,200.

The defendants answered, denying the execution of said conveyances and also alleging that the consideration for said deed was grossly inadequate and that the execution of said conveyance was procured by fraud, threats, misrepresentation and concealment of material facts concerning the value of decedent's estate and the interest therein of the widow.

The chancellor granted the prayer of the complaint for an allotment of dower, and the defendants appealed.

It has been settled by a decision of this court that a widow's right of dower in the property of her deceased husband can not, before assignment in the manner provided by law, be the subject of a conveyance by her to a stranger so as to confer on him any rights capable of assertion in a court of law, but that such conveyance is valid and enforcible in equity. *Weaver* v. *Rush,* 62 Ark. 51. See also 2 Scribner on Dower, § 33 *et seq.*

At the time of the execution of the conveyance in question by the widow, appellee was administrator of the deceased husband's estate. He therefore stood in a trust relation toward those interested in the estate, including the widow and heirs. *Reeder* v. *Meredith,* 78 Ark. 111, and cases cited.

This court in the case just cited quoted with approval the following rule laid down in Perry on Trusts (section 195) with reference to transactions between such trustees and the *cestui que trust:* "A trustee may buy from the *cestui que trust,* provided there is a distinct and clear contract, ascertained after. a jealous and scrupulous examination of all the circumstances; that the *cestui que trust* intended the trustee to buy; and there is fair consideration and no fraud, no concealment, no advantage taken by the trustee of information acquired by him in the character of trustee. The trustee must clear the action of every shadow of suspicion. * * * Any withholding of information or ignorance of the facts or of his rights on the part of the *cestui que trust,* or any inadequacy of price, will make such purchaser a constructive trustee."

Bearing in mind this stringent rule imposed upon a trustee who purchases from his *cestui que trust,* we do not find in this case any of the elements which would require that the conveyance be set aside. The evidence does not sustain the charge of threats, fraudulent misrepresentation or concealment of facts. The consideration for the conveyance was $1,200, of which the sum of $600 was paid in cash and a note for the balance was executed to the widow, and she afterward transferred the note to another person, and appellee paid it. The price paid appears to have been fairly adequate at the time, though the interest in the property was worth much more at the time of the decree.

The plaintiff asked in his complaint that he be also decreed the rents and profits of the lands since the death of King B. Flowers, and that an accounting thereof be had; and the court in the final decree awarded to plaintiff all of the right and interest of the widow "in all the rents and profits of said real estate that have accrued since the death of King B. Flowers, to the extent authorized by law." The court made no finding as to amount of such rents and profits, nor did it order an accounting to ascertain the amount thereof. We are left to conjecture, to some extent, as to what the chancellor meant by the expression "to the extent authorized by law," but we assume that he meant to hold that the plaintiff succeeded, by virtue of said conveyances, to the quarantine rights of the widow until dower should be assigned, and was therefore entitled to recover

the amount of rents and profits of the dwelling house and lands thereto attached. In this view the learned chancellor erred. We held in *Griffin* v. *Dunn,* 79 Ark. 408, that the widow's right to hold the dwelling house and farm attached until assignment of dower is a personal privilege, and not an estate in the land, and can not be transferred to another.

Inasmuch, however, as the court rendered no decree for any specific amount of rents, there is no prejudice in the erroneous ruling; but the decree, in so far as it adjudges in general terms the right of the plaintiff to recover rents and profits before the assignment of dower, is disapproved, and the decree to that extent is modified.

In all other respects the decree will be affirmed, and it is so ordered.