WILLIFORD v. WILLIFORD.

Opinion delivered January 22, 1912.

1. LIMITATION OF ACTIONS—NONSUIT—SUBSEQUENT SUIT.—Kirby's Digest, sec. 5083, providing that if an action shall be commenced within the time prescribed and the plaintiff therein suffer a nonsuit he may commence a new action within one year after such nonsuit suffered, does not limit but extends the period applicable under the general statute of limitations. (Page 67.)

2. TRUST—WHEN CONSTRUCTIVE TRUST ARISES.—When an administrator or a trustee, without knowledge of his beneficiary, purchases the property entrusted to his charge, either at a private or public sale, equity will impress a constructive trust upon the property so purchased for the benefit of the beneficiaries. (Page 68.)

3. SAME—ACTIONS TO ENFORCE—BURDEN OF PROOF.—The burden is on one seeking to charge an administrator as constructive trustee of land purchased for himself to show that the land was owned by decedent when purchased by the administrator. (Page 71.)

Appeal from Crittenden Chancery Court; Edward D. Robertson, Chancellor; affirmed.

S. S. Cockroft, for appellant.

L. P. Berry, for appellee.

FRAUENTHAL, J. This is an action instituted by J. E. Williford and Sudie Reddit, the plaintiffs below, seeking to impress a trust upon a tract of land in Crittenden County, the legal title to which had been obtained by the defendants. S. P. Williford and his wife, E. E. Williford, and to divest them thereof and vest same in plaintiffs. The complaint alleged that the land, which is described as the west half of section 12, township 4 north, range 7 east, was owned by J. M. Williford, who departed this life in 1887, leaving surviving him as his only heirs the plaintiffs, who are his children; that the defendant S. P. Williford was duly appointed administrator of the estate of said J. M. Williford, and in that capacity took charge of said land and attended to paying the taxes thereon. It was also alleged that in 1886 Bettie and Ida Burgett instituted an ejectment suit against said J. M. Williford for the recovery of the above and other lands, which, after the death of J. M. Williford, was revived in the name of his said administrator and heirs. That suit resulted in a judgment in favor of the representatives of said Williford and was appealed to the Supreme Court, where

the judgment was affirmed except as to a tract of land not involved in the present case. It was further alleged that said S. P. Williford as the administrator of said estate, and also representing the plaintiffs, attended to the above suit; that, after the determination of said case by the Supreme Court, the further litigation thereof was compromised, and, in pursuance of such compromise agreement, the said Burgetts conveyed to said J. E. Williford and Sudie Redditt a number of tracts of land, amongst which was the land involved in the present case. It was also alleged that, during the progress of said administration and said above litigation, the said S. P. Williford permitted a portion of said lands to forfeit for the nonpayment of levee taxes, and the remainder to forfeit for the nonpayment of State and county taxes; that through the sales therefor the defendant S. P. Williford obtained the legal title to said land, and subsequently conveyed same to his wife.

The defendants denied that the land involved in the present case was ever owned by J. M. Williford, or that he ever claimed the same, or that he was ever in the possession thereof. They denied that said land was included in the ejectment suit instituted by the said Burgetts against said J. M. Williford, or that the defendant S. P. Williford, as administrator of said estate of J. M. Williford, deceased, had ever taken charge of or paid taxes on said land. They also denied that the land was ever owned by said Bettie and Ida Burgett. They alleged that a portion of the land was sold under decree of the Crittenden Chancery Court in a suit instituted by the St. Francis Levee Board for the nonpayment of levee taxes thereon for the years of 1895, 1896 and 1897, and was purchased by S. P. Williford, who, in January, 1899, obtained the commissioner's deed therefor after due confirmation of such sale; that the remainder of said land was sold to the State for the nonpayment of taxes, and was thereafter acquired by the St. Francis Levee District, which sold and conveyed same to J. F. Hodges on March 21, 1896, and that said Hodges subsequently conveyed same to S. P. Williford. They also alleged that they had held the open and adverse possession of said land for more than seven years prior to the institution of the present suit, and they pleaded in bar of any claim or right that plaintiffs might have in the land the seven years, five years and two years statutes of limitation.

It appears that the present action was instituted on September 2, 1907, in the names of both J. E. Williford and Sudie Redditt as parties plaintiff, and that N. W. Norton, Esq., an attorney of the lower court, prepared and filed the complaint and therein represented the plaintiff J. E. Williford. On February 24, 1908, upon the motion of said N. W. Norton, Esq., the chancery court entered an order dismissing the case as to said J. E. Williford. On September 27, 1910, said J. E. Williford filed a petition in said chancery court asking that he be made or reinstated as a party plaintiff to the suit, upon the ground that same had been dismissed as to him without his knowledge and without authority. The lower court refused this request, and from the judgment denying his prayer to be made a party J. E. Williford has appealed to this court. Thereafter the case proceeded with said Sudie Reddit as sole plaintiff. Upon the final hearing, the court entered a decree dismissing the complaint for want of equity.

Relative to the petition of J. E. Williford to be made or reinstated as a party plaintiff to the suit, the chancery court heard testimony from which it found that said N. W. Norton, Esq., was duly employed by J. E. Williford to institute the action for him and was authorized thereafter to dismiss same as to him. From the testimony of N. W Norton, Esq., and the letters exhibited by him, we think the court was warranted in the finding which it made. After the nonsuit, J. E. Williford had, by virtue of section 5083 of Kirby's Digest, a right to bring a new suit within a year after he had suffered the nonsuit; and it appears that the court denied the petition to make or reinstate him as a party because it was not filed within said year. But we are of the opinion that this statute did not narrow the period of limitation, but extended the period provided by the general statute of limitation applicable to this cause of action, so that, if J. E. Williford was not then barred as to this action by the general statute of limitation, he had still the right to institute a new suit. *Love v. Cahn,* 93 Ark. 215. But, according to the view which we have taken of the merits of this case under the evidence which was adduced at the trial thereof, we do not deem it necessary to pass upon the question as to whether or not the court was in error or abused its discretion in refusing said J. E. Williford to be made or reinstated as a

party plaintiff in the action. And for the same reason we do not deem it necessary to note or pass upon the questions raised by the pleas of the statute of limitation.

This was an action instituted for the purpose of impressing upon the land involved herein a constructive trust and to declare the defendants as trustees thereof for the benefit of the plaintiffs. The right of plaintiffs to this relief is predicated upon the allegations that the land was owned originally by their father, from whom they acquired title by descent, and that the defendant S. P. Williford occupied a relation of trust and confidence as to them in regard to this property which he violated by purchasing the land for the nonpayment of taxes and by thus obtaining the legal title thereto. It has been held that no one can be permitted to purchase an interest where he has a duty to perform that is inconsistent with the character of a purchaser. When, therefore, an administrator or a trustee, without knowledge of his beneficiary, purchases the property charged to his care, either at a private or public sale, equity will impress a constructive trust upon the property so purchased for the benefit of those beneficially entitled thereto. 3 Pom. Eq. § 1052; *Wright* v. *Walker*, 30 Ark. 44; *West* v. *Waddell*, 33 Ark. 575; *McGaughey* v. *Brown*, 46 Ark. 25; *Montgomery* v. *Black*, 75 Ark. 184; *Bank of Pine Bluff* v. *Levi*, 90 Ark. 166. The foundation of the right of the plaintiffs to have a trust for their benefit declared upon this land is based upon the allegation and claim that this land was owned and possessed by their father, and that S. P. Williford, as his administrator, was charged with the duty of caring for and protecting it from sale, and thereby was prohibited under the law from purchasing it. The primary fact, then, to determine is whether or not the land was owned by the father of plaintiffs. For, if the land was not owned by him, then S. P. Williford, as his administrator, owed no duty and was not chargeable with any trust relative thereto, If the land was not owned by plaintiffs' father, then it was not litigated in said suit instituted by said Burgetts, and, therefore, S. P. Williford did not as agent or otherwise, during said litigation, occupy any relation of trust or confidence relative thereto for the plaintiffs in the present case.

The testimony on the part of the defendants tended to prove that the land was never owned, possessed or claimed

by J. M. Williford. The defendant S. P. Williford, who was
well acquainted with all the lands claimed or owned by his
brother, J. M. Williford, testified positively that said J. M. Willi-
ford never owned or claimed this land; and there was no witness
who testified that he did own it, or that he ever claimed it or
paid taxes on it or was ever in possession of it. This testimony
tended to prove that the land originally belonged to the State
and was acquired by it as Internal Improvement land. In
1874 M. A. Wolf obtained from the State title to the northwest
quarter of said section 12 and conveyed it to the Second National
Bank of St. Louis in 1878, which, during the same year, executed
a deed therefor to Orman Pierson, and he in 1884 conveyed it
to Robert Pierson. The tax books show that Orman and
Robert Pierson paid the taxes on this land continuously for the
years from 1883 to 1893. On February 14, 1898, the Critten-
den Chancery Court, in a suit pending in that court instituted
by the St. Francis Levee Board, entered a decree subjecting
this land to sale for the nonpayment of the levee taxes for the
years of 1895, 1896 and 1897. Under that decree this portion
of the land was sold to S. P. Williford, and the sale thereof was
duly confirmed at the July term, 1898, of said court, and deed
therefor was executed by the commissioner of said court to
S. P. Williford on January 18, 1899. This testimony tended
further to prove that Wm. Chapline acquired from the State the
southwest quarter of said section 12, and that thereafter it had
forfeited to the State for the nonpayment of the taxes of 1884
and 1885; that by virtue of an act of the Legislature entitled
"An act to donate to the St. Francis Levee District all the lands
of this State within the limits of said levee district," which
became a law March 29, 1893 (Acts 1893, p. 172), the St.
Francis Levee District acquired the State's title to the land,
and in 1896 conveyed it to J. F. Hodges, who at that time was
a partner of said S. P. Williford; thereafter the said Hodges
conveyed 120 acres of this land to said S. P. Williford. From
this testimony, we think the court was warranted in finding
that the land involved in this suit was not owned by J. M. Willi-
ford.

The plaintiffs introduced no record evidence to show, nor
did they offer any witness who testified, that this land was
ever owned by or in the possession of said J. M. Williford.

They urge that this is shown by the proceedings in said suit instituted by Bettie and Ida Burgett against J. M. Williford. That was an ejectment suit instituted on November 16, 1886, in the law court for the recovery of about 3,000 acres of land, and it was appealed to the Supreme Court. The opinion was rendered upon that appeal on May 7, 1892, and will be found in 56 Ark. 187, under the style of *Burgett* v. *Williford.* The original complaint and papers in that case, however, were lost, and the transcript filed in the Supreme Court upon said appeal was also lost, and no testimony as to what these various lost documents contained was introduced upon the trial of this case. The only documents relating to that suit in the lower and appellate courts that were introduced were the abstracts and briefs filed by counsel for appellants and appellee in the Supreme Court. From these we are wholly unable to find or say whether the tract of land involved in the present suit was mentioned in the complaint filed in that case, or whether the defendants in that case claimed any right or ownership in this tract of land. In some parts of the abstract the tract of land is referred to; but that suit involved a great number of tracts of land, and in showing the deraignment of title to these various tracts the description of the tract involved in this suit may have been set out in some of the deeds with the description of the lands which were actually involved in that case. However that may be, in said brief of appellees filed in the Supreme Court, it is stated that J. M. Williford claimed title to the various lands then litigated for under and by virtue of a purchase made by him from and a deed executed to him by Ferguson and Hampson. From this deed and the testimony introduced, it appears that on January 19, 1880, Ferguson and Hampson sold to J. M. Williford 2,878.34 acres of land for $13,625, and on that day executed to him a bond for title therefor, and later, on March 19, 1885, executed to him a deed, which was thereafter duly recorded, and in which the lands are specifically described. Now, the land involved in the present suit is not contained in said deed, and it is not contended by counsel for plaintiffs that J. M. Williford acquired said land from said Ferguson and Hampson. From this statement of the brief of appellees filed in the Supreme Court of what the answer in said case contained, we are led to believe that the only lands involved in

that litigation which J. M. Williford claimed title to were those described in the deed which he obtained from said Ferguson and Hampson. We are also influenced in making this finding by reason of the controlling question discussed in the opinion which was rendered by this court in that case. It was there held that the Burgetts, who were the appellants in that case, were concluded from setting up any title to the lands by reason of a decree rendered against them in a case instituted by said Ferguson and Hampson against them for the purpose of quieting the title thereto. That case was filed on September 29, 1880, and the decree therein was rendered in April, 1881, and the tract of land involved in the present case is not embraced in that decree.

There was no other testimony introduced by the plaintiffs upon the trial of this case showing any title, possession of or claim made by J. M. Williford to the land involved in the present suit. There was no testimony showing or tending to show from what person or source he acquired this land, if he ever owned it or laid claim to it; nor is there any testimony showing that he ever paid taxes thereon. Nor can we say from the meager references in said briefs that there is sufficient evidence showing that this land was involved in the litigation between the Burgetts and J. M. Williford. It appears that in 1900 Bettie and Ida Burgett executed to the plaintiffs a deed for a number of tracts of land, including the land involved in this suit. It is contended that this conveyance was made in compromise of that litigation; but it may be that they simply conveyed to the plaintiffs all lands to which they laid any claim in Crittenden County, and it does not necessarily follow that the land involved in the present suit was also involved in the case brought by said Burgetts. But whether this tract was described in the complaint in that suit or not, it does not appear from any testimony which was adduced upon the trial of the present case that J. M. Williford ever owned or claimed to own any interest in this land. The rights of plaintiffs to have a constructive trust declared upon this land as against the defendants must depend upon the proof of title and ownership of their father, J. M. Williford, to this land, and their right to relief must fail with a failure to make that proof. The burden was upon the plaintiffs to make this showing by a preponderance of the evidence.

It is apparent, we think, that the evidence which was adduced upon the trial of the present case is not sufficient to authorize the court to declare that this land was owned by J. M. Williford, and that S. P. Williford purchased it while acting as his administrator and in a fiduciary relation to the plaintiffs. The chancellor found that this land did not belong to J. M. Williford; that S. P. Williford occupied no trust relation either to his estate or to the plaintiffs when he purchased it; that any other claim to or interest in the land that the plaintiffs may have obtained from the Burgetts, if they owned any right or interest in the land, was barred by the statute of limitation; and upon an examination of the entire record we are of the opinion that these findings are not contrary to the weight of the evidence adduced in this case.

Finding no errors in the decree rendered by the lower court, it is accordingly affirmed.