BARKER *v.* FUESTAL.

Opinion delivered April 29, 1912.

1. INFANTS—RIGHT TO DISAFFIRM CONVEYANCE.—An infant grantor is entitled to disaffirm her conveyance within seven years after arriving at majority. (Page 314.)

2. SAME—DISAFFIRMANCE—RESTITUTION.—An infant is entitled to disaffirm her conveyance on reaching majority without returning the consideration where it does not appear that she retained the consideration and is able to return it. (Page 314.)

3. TAXATION—EFFECT OF PURCHASE AT TAX SALE BY OCCUPANT.—One who claims land under a deed from an infant can not acquire title by purchase at tax sale so as to deprive the infant of the right to disaffirm her deed. (Page 314.)

4. INFANTS—SUIT TO DISAFFIRM CONVEYANCE—DEFENSE.—In a suit by an infant to disaffirm her conveyance and to redeem from a tax sale, the defendant can not set up as a defense that the title is in a third person· (Page 315.)

Appeal from Arkansas Chancery Court; *John M. Elliott,* Chancellor; reversed in part.

*W. N. Carpenter,* for appellant.

1. A minor has seven years after becoming of age in which to disaffirm his deed. 34 Ark. 596; 51 *Id.* 294; 44 *Id.* 153; 62 *Id.* 318.

2. The assignment of the certificate of purchase at tax sale and the deed thereon constitute only a redemption from the tax sale and the resulting protection to the title already held by McKewen, and was not the acquisition of a new title. 32 Ark. 111; 31 *Id.* 334. But, if it was, it was invalid for illegality in the excessive levy of taxes. Black on Tax Titles, §§ 98-9; 56 Ark. 88; 61 *Id.* 36.

3. The tax sale was also invalid because the clerk failed to attach his certificate * * * of lands sold to individuals. 61 Ark 36; 65 *Id.* 600; 55 *Id.* 218.

4. The legal representatives of a minor have the same right to redeem after his death. 31 Ark. 364.

5. The tax title of J. W. Allen was not a bar. Allen was not a party, but a stranger. One can not avail himself of the advantages of inconsistent positions in a litigation concerning the same subject-matter. 64 Ark. 215. But the Allen title is void on its face because it fails to show the lands were assessed severally in tracts, or so sold; nor the separate amounts for which each tract was sold. They were sold *en masse.* 31 Ark. 314; 61 *Id.* 414.

*John L. Ingram,* for appellees.

1. The age of the minor was not shown by competent and satisfactory testimony.

2. Appellants are cut off by the tax sale to Smith and deed to McKewen. The land was wild and unoccupied. Appellees owed no duty to pay taxes or redeem. 74 Ark. 253.

3. Section 7092, Kirby's Digest, does not require the record of lands sold to individuals to be certified. *Ib.,* § 7086; 86 Ark. 325.

4. No tender of the purchase money was made. 31 Ark. 376.

5. The plea of outstanding title in J. W. Allen was good. Kirby's Dig., § 6098.

McCULLOCH, C. J. The plaintiffs, Ida Barker and Anna Lamb, were the owners each of an undivided interest in a tract of land containing eighty acres in Arkansas County, and on April 13, 1898, conveyed the same to C. P. McKewen, and the title was passed, by mesne conveyances, to the defendant, Paul Fuestal. They claim that they were minors at the time

of said conveyance, and instituted this action in December, 1909, in the chancery court of Arkansas County, to disaffirm their said deed of conveyance, alleging that the action was instituted within seven years after they attained their respective ages of majority. Their brother, Ernest Nichols, also owned an undivided interest in the land and conveyed the same while he was a minor, as it is alleged, and they assert the right to disaffirm his conveyance. Prior to the date of plaintiff's said conveyances, the land was sold to one Smith for taxes for the year 1895, but the period allowed for redemption had not expired, and McKewen, subsequent to his purchase from plaintiffs and before the expiration of the period of redemption, took an assignment from Smith of his certificate of purchase. A tax deed was executed to him by the county clerk pursuant to said sale. The plaintiffs seek also to redeem from the tax sale, and also allege that the tax sale was void on account of certain defects, set forth in the complaint. M. F. Tackett, who holds a mortgage executed by defendant Fuestal, was made party defendant. The defendants filed their answer, denying the allegations of the complaint as to the minority of said grantors, and disputed their right to disaffirm their conveyance or to redeem from the tax sale.

Plaintiff Ida Barker proved that she was a minor on the date of her said conveyance, and that she became of age within seven years before the institution of this action. Those facts established her right to disaffirm her conveyance. *Kountz* v. *Davis*, 34 Ark. 596; *Bagley* v. *Fletcher*, 44 Ark. 158; *Stull* v. *Harris*, 51 Ark. 294. The consideration for the conveyance by the said plaintiff was a horse valued at $25; and as it does not appear that she retained said consideration and was able to return it after she attained her majority, she could disaffirm without returning the consideration. *Stull* v. *Harris, supra.*

No proof was introduced as to the ages of plaintiff Anna Lamb or of Ernest Nichols, nor was any proof introduced that they were minors at the time of said conveyances, so the right to disaffirm their conveyances is not established.

The purchase by McKewen of the certificate of tax sale was merged into his original title acquired from plaintiffs, subject to their right to disaffirm, and was equivalent to a

redemption from the tax sale.  *Swan* v. *Rainey*, 59 Ark. 364; *Mercantile Trust Co.* v. *Adams*, 95 Ark. 333.

The land was sold in June, 1906, to J. W. Allen, who in due time received a tax deed upon his purchase, the deed being executed after the commencement of this suit.  Defendants plead the outstanding tax title in Allen in bar of plaintiff's right to disaffirm their conveyance and recover the land.  The lands are wild and unoccupied, and the sole purpose of this action is to disaffirm the conveyance and redeem from the tax purchase of Smith.  The alleged title acquired by Allen after the institution of this action is not an issue in the case, and can not be made an issue, for the sole question involved is as to the right of plaintiff to disaffirm her conveyance made during minority.  Plaintiffs have the right to test the validity of the sale to Allen in appropriate litigation wherein he is made party.  He is not interested in this litigation, and he is therefore not a proper party, and no effort has been made to make him a party.  The chancellor therefore erred in dismissing the complaint of Ida Barker and in refusing to grant her relief as to the one-fourth interest in the land which she conveyed.  The decree as to her is reversed, and the cause remanded, with directions to enter a decree in her favor for the disaffirmance of her deed and allowing her to redeem from the tax sale to Smith.  The decree as to Anna Lamb is affirmed.