## BARKER *v.* CUNNINGHAM.

### Opinion delivered July 15, 1912.

1. ACTION—COMMENCEMENT.—An action is commenced when the complaint is filed in the office. of the clerk of the court and a summons is issued thereon. (Page 628.)

2. APPEAL. AND ERROR—CONCLUSIVENESS OF CLERK'S CERTIFICATE.— A clerk's certificate of the filing of a complaint and issuance of summons is conclusive on appeal, and can not be contradicted by a marginal notation in pencil on the transcript, made by another. (Page 628.)

3. SAME—BRINGING UP EVIDENCE—RECITALS OF DECREE.—Where the decree appealed from recites that the cause was heard upon the pleadings, the stipulation of the parties and certain deeds, all of which are in the transcript, it will be presumed that all the evidence heard at the trial is before the appellate court, though the stipulation recites that that defendants introduced evidence in support of each allegation of the answer. (Page 629.)

Appeal from Arkansas Chancery Court; *John M. Elliott,* Chancellor; reversed as to Ida Barker, affirmed otherwise.

*W. N. Carpenter,* for appellants.

*J. M. Henderson,* for appellees.

KIRBY, J. This case is controlled by the opinion in *Barker* v. *Feustal,* recently decided, 103 Ark. 312. It was brought to disaffirm an infant's conveyance of real estate and to redeem the land conveyed thereby from tax sale.

Appellant herein was plaintiff in both suits; the same conveyance to the same party is sought to be set aside and the lands redeemed from the same tax sale to the same party, it being alleged in this case that the land had been conveyed by appellant's grantee to C. Willis and Frank Cunningham, instead of to Paul Feustal, as in the other case.

It is contended here that the suit to disaffirm was not begun within the seven years after becoming of age by plaintiff, and also that the transcript does not contain all the testimony heard upon the trial, and that the case should, on that account, be affirmed.

The complaint is indorsed, "Filed in my office and summons issued this December 14, 1907. C. P. Ball, Clerk," and the record on certiorari is amended to show that it was also indorsed, "$2.00 clerk's costs paid" and in pencil, "Sums. not issued December 14, 1907. W. N. Carpenter."

The clerk's certificate of the filing of the complaint and the date thereof and that a summons issued that day is sufficient to prove those facts, notwithstanding the pencil notation, and the action was commenced by the filing in the office of the clerk the complaint and the summons being issued thereon; his certificate that the summons was issued being sufficient to prove that it was executed by the clerk and delivered to the sheriff, or some one for him, with the intention and purpose of placing it in his hands to be served. Kirby's Digest, § 6033; *Burleson* v. *McDermott,* 57 Ark. 229; *Railway Co.* v. *Shelton,* 57 Ark. 459; *Wilkins* v. *Worthen,* 62 Ark. 401. This being true, the suit was brought within the seven years time allowed infants by law after coming of age for the disaffirmance of their deeds conveying real eatate.

The transcript contains a stipulation between counsel that the deposition of Ida Barker, in the case of Ida Barker *v.* Paul Feustal *et al.* in the chancery court of Arkansas County, may be read in evidence and certain deeds, etc., specifying them, which concludes: "It is also agreed and stipulated that defendants introduced testimony and evidence in rebuttal and denial of all the agreed testimony and of all the other evidence of plaintiffs, or any of them; and that defendants introduced evidence in support of and to sustain each and every denial and allegation

of the answer of the defendants and the amendment thereto, and it is agreed and considered that same is a part of the testimony and record herein."

It is contended that the transcript does not contain all the evidence heard upon the trial, and that therefore the decree must be presumed to be correct and affirmed. If such were the case, that result would necessarily follow, but the decree recites that the cause was heard upon the pleadings and the stipulation of parties with reference to testimony and a deposition of Ida Barker, and certain deeds, all of which are in the record, etc., and, the stipulation itself being in the transcript, there is no reason for saying that the record does not contain all the evidence before the chancellor.

The decree is conclusive as to that, even though it appears from the stipulation that other testimony was introduced not mentioned in the decree.

For the reason announced in Barker v. Feustal *et al, supra,* the decree herein is reversed, and the case remanded with directions to enter a decree in favor of appellant for the disaffirmance of her deed to McCuen, and allowing her to redeem the land from the tax sale to Smith.

As to Anna Lamb, the decree is affirmed.