BOWEN *v.* BLACK.

Opinion delivered February 1, 1926.

1. DESCENT AND DISTRIBUTION—ANCESTRAL ESTATE.—Where an estate of inheritance came to an intestate on the part of the father, it goes to his next of kin in the line of his father's blood.

2. HOMESTEAD—CONVEYANCE BY WIDOW—RE-ENTRY BY HEIRS.—Where a widow attempted to convey her husband's homestead, and yielded possession to the grantee, the holders of the title in remainder were entitled to enter and take possession of the land,

and such right is not postponed by reason of the fact that dower has not been assigned to the widow.

3. LIMITATION OF ACTIONS—WHEN INFANTS BARRED.—In an action to recover land the infancy of plaintiffs is no protection against the statute of limitations where it began to run against their ancestor in her lifetime.

Appeal from Jackson Circuit Court; *Dene H. Coleman,* Judge; affirmed.

*Gustave Jones,* for appellant.

*Hillhouse & Caldwell* and *John W. Stayton,* for appellee.

WOOD, J. This is an action in ejectment by appellants against the appellee. The appellants alleged in substance that they were the owners of an undivided one-half interest in a certain tract of land in Jackson County, Arkansas; that Wesley Bowen, the owner of the land in controversy, died in 1903, in Jackson County, Arkansas, intestate, leaving his widow and one child, James, surviving him; that James Bowen died intestate and without issue, leaving surviving him neither father, mother, sisters, brothers, or lineal descendants; that the only heirs of James Bowen were the children of one John Bowen, half brother of Wesley Bowen, these children being H. J. Bowen and J. R. Bowen; that Mary Bowen, the widow of Wesley Bowen, after her intermarriage with one Kirkpatrick, died in November, 1922; that the appellants were the only heirs of J. R. Bowen, and as such were entitled to an undivided half interest in the land in controversy. They prayed for possession and rents.

The appellee answered, and, after denying specifically the allegations of the complaint, alleged that Wesley Bowen died in 1900 seized and possessed of the land in controversy, which was his homestead, leaving his widow, and son James, his sole heir at law, surviving him; that James died in 1901 without issue, leaving his mother, Mary Bowen, surviving him; that Mary Bowen intermarried with one Kirkpatrick and thereafter, on November 8, 1902, conveyed in fee simple to one G. D. Clement the

land in controversy, and put him in possession thereof; that on August 9, 1907, H. J. Bowen conveyed a half interest in the lands to Carter, and put him in possession thereof. On the 14th of January, 1908, Clements conveyed the land to R. P. Carter, and put him in possession thereof, and that Carter thereafter conveyed the land to the defendant Black, and put him in possession thereof. The appellee alleged that there had been no administration on the estate of Wesley Bowen; that no dower had been assigned to his widow, Mary Bowen; that, at the time of her deed to Clement, the right to entry in those under whom appellants claim had accrued, and that such right had long since been barred by the seven years' statute of limitations, which statute the appellee specifically pleaded in bar of appellants' action.

The parties agreed that the following are the facts in the case: "That Wesley Bowen was the owner of the land in controversy at the time of his death, and the same was his homestead; that he departed this life intestate in the year 1900, leaving surviving him his widow, Mary Bowen, and his son James, by the said Mary; that the said son James departed this life in the year 1901, intestate, unmarried and without issue, leaving surviving him his said mother; that thereafter the said Mary Bowen intermarried with one Kirkpatrick, and on the 8th day of November, 1902, sold and conveyed said land in fee by her deed of that date to G. D. Clement, and put him in possession thereof; that said Mary Kirkpatrick afterwards died in November, 1922. That on the 14th day of January, 1908, the said G. D. Clements and wife, by their deed of date, conveyed said lands to one R. P. Carter, and put him in possession thereof; that thereafter, and on the 31st day of August, 1909, the said R. P. Carter and wife, by their deed of that date, conveyed said lands to the defendant, and put him in possession thereof; that on the 9th day of August, 1907, the said H. J. Bowen and wife, by their deed of that date, conveyed a one-half interest in said lands to the said R. P. Carter, and put him in possession thereof.

"That the said John Bowen was a half brother of the said Wesley Bowen, and died prior to the death of said Wesley Bowen, leaving him surviving H. J. Bowen and John R. Bowen as his sole heirs at law; that the said John R. Bowen died in the year 1897, leaving him surviving the plaintiffs, Dave Bowen and Jeffie Bowen, and Johnnie Bowen, and a daughter, Sarah Bowen; that the said Sarah Bowen died, leaving surviving her the other of the plaintiffs, Louis Cornwell and Emma Cornwell as her sole heirs at law; that the said Sarah Bowen was born in the year 1892, and afterwards intermarried with Louis Cornwell at the age of seventeen years, and at the time of her death she was past the age of 21 years. That the plaintiff Dave Bowen was born in the year 1891; the plaintiff Jeffie Bowen was born in the year 1890, and the plaintiff John Bowen was born in the year 1896. That no administration was ever had on the estate of Wesley Bowen, nor was dower ever assigned to his said widow in said lands.

"That, upon the execution of the said deed by said R. P. Carter to him, defendant entered into possession of said land, believing, in good faith, that he was the sole owner thereof, and that since said date he has continuously occupied and claimed said land, as the sole owner in fee thereof, openly, notoriously, peaceably and adversely against the world, and that he has held peaceable possession of the same up to the filing of the complaint herein."

The conclusion we have reached makes it unnecessary to state the facts as to the improvements and rents.

The court found that the appellants were barred by the seven years' statute of limitations, and entered a decree dismissing the appellant's complaint and for costs, from which is this appeal.

When Wesley Bowen, the owner of the land in fee simple, died, the land descended in fee simple to his son James, subject to the rights of dower and homestead in Mary Bowen, the widow of Wesley Bowen and the mother

of James Bowen. Since James Bowen inherited the land in controversy from his father, it was an ancestral estate in James Bowen, and when James died, being an ancestral estate, the lands ascended to the father's line whence it came, not in postponement, but in exclusion, of the mother's line. Section 3480, C. & M. Digest; *Kelly's Heirs* v. *McGuire,* 15 Ark. 555. Counsel contend that, when James Bowen died, leaving no children and no father, the mother inherited a life estate in the lands from her son James, under § 3471, C. & M. Digest, which provides that "when a person shall die, having title to any real estate of inheritance, * * * and shall be intestate as to such estate, it shall descend. * * * Second: If there be no children, then to the father, then to the mother; if no mother, then to the brothers and sisters, or their descendants, in equal parts."

The contention of counsel is contrary to the construction given our statute of descent and distribution in the celebrated case of *Kelly's Heirs* v. *McGuire, supra,* where we said: "If the estate comes to the intestate by the father, or, as it may be differently and as well expressed, on the part of the father, then it must ascend to the father and his heirs, and thus overturning the inflexible rule of the common law, that an estate could never ascend, but should rather escheat to the lord. And so, if it comes by or on the part of the mother, it goes to the mother and her heirs, in exclusion of the heirs of the father. In other words, it remains in the paternal or maternal line from whence it was derived." Therefore, when James Bowen died in 1901, the estate of inheritance in the lands in controversy went to his next of kin in the line of his father's blood, who were H. J. Bowen and the children of John R. Bowen, Dave, Jeffie, Johnnie and Sarah Bowen. These heirs of the father's blood inherited the land in controversy from James Bowen, subject however to the dower and homestead rights of Mary Bowen, his mother. As no administration was had on Wesley Bowen's estate, and no dower was assigned to his widow, Mary Bowen, under her right of homestead she

could hold the dwelling house, and farm thereto attached, which constituted the homestead until her dower was assigned. While this condition obtained, the facts show that Mary Bowen, who was then the wife of one Kirkpatrick, executed a warranty deed in fee simple to the lands in controversy to one G. D. Clement, on November 8, 1902, and put him in possession thereof. This deed was a nullity as a conveyance of the fee, because Mrs. Mary Kirkpatrick had no fee in the land to convey; and, as the homestead right was personal to her, and as her dower had not been assigned, the conveyance of this land carried no interest therein to the grantee, Clement, except the equitable right to have dower assigned. However, the grantee took possession of the lands under his conveyance. So that this conveyance and the yielding of possession thereunder by Mrs. Kirkpatrick constituted an abandonment on her part of her homestead and dower rights. Therefore, the heirs of James Bowen, appellants herein, the owners of the land in controversy by inheritance, had the right then to enter and take possession of the lands. *Murphy* v. *Graves, ante* p. 180. The statute of limitations began to run against the appellants from that date, November 8, 1902, and continued to run against them until they instituted this action on September 6, 1923. On the latter date the appellant, Dave Bowen, was thirty-two years old, Jeffie Bowen was twenty-three years old, and Johnnie Bowen twenty-seven years old. Sarah Bowen had died before the institution of the action, leaving her surviving two children, Louis and Emma Cornwell. But the statute of limitations had commenced to run against Sarah Bowen, their mother, and was complete as against her before her death. She was past the age of twenty-one years when she died. Had she lived until the institution of this suit, she would have been thirty-one years of age at that time. The statute of limitations having begun to run against Sarah Bowen before she died, her children, even if they were minors at the time of the insti-

tution of this action, were likewise barred. See *Bender*
v. *Bean,* 52 Ark. 132; *Reed* v. *Mooney,* 115 Ark. 1.

The case on the facts cannot be distinguished in prin-
ciple from the case of *Fletcher* v. *Josephs,* 105 Ark. 646,
where we held that the widow by conveying a homestead
abandoned her rights therein, and that upon such con-
veyance the right of entry of the heirs is complete, sub-
ject only to the right to have dower assigned. ' We also
held in that case that the right to have dower assigned
does not postpone the heir's right of entry. It clearly
appears that the appellee and those under whom he
claims had adverse possession of the land in controversy
under color of title for more than seven years before
the institution of this action. The findings and judgment
of the court are correct, and the judgment is therefore
affirmed.