WALKER v. ELLIS.

4-8370                                                    207 S. W. 2d 39

Opinion delivered December 15, 1947.

Rehearing denied January 19, 1948.

*Ed B. Cook,* for appellant.

*G. W. Barham,* for appellee.

ROBINS, J.   This suit involves title to 72 acres in Mississippi county owned in his lifetime by Luther Walker.  Walker died intestate in 1933, leaving him surviving his widow, Irene Walker, and his two daughters, appellant Maxine Walker Rhodes and Kitty Jo Walker Harry, as his sole heirs.

On March 22, 1940, said widow, Irene Walker, and her said two daughters executed, acknowledged and delivered to appellee, J. C. Ellis, a warranty deed by which they conveyed, for an expressed consideration of $3,300 paid in cash, said land to appellee, who then went into, and has since remained in, possession thereof.

At the time of execution of this conveyance Kitty Jo Walker Harry was only 17 years of age, and appellant, Maxine Walker Rhodes, was 19 years old.

This suit was instituted on May 1, 1946, by these two daughters of Luther Walker against Irene Walker and appellee. In their complaint they alleged that they were the owners of the land and that their action was brought to disaffirm and to have canceled the deed executed by them to appellee. For grounds of cancellation they alleged that Kitty Jo Walker Harry was a minor when she executed the deed and that she received only $100, an inadequate sum, for her share in the land; and that appellant, Maxine Walker, though of age, was ignorant of business matters and acted at the suggestion of her mother and appellee, and she received for her share the same inadequate sum as her sister. It is also alleged that the deed when executed purported to convey only a 34-acre tract, but the record thereof erroneously showed the 38-acre tract as being a part of the land conveyed. (This part of the complaint seems to have been abandoned).

The prayer of the complaint was for cancellation of the deed to appellee and for an accounting from appellee as to rents.

Irene Walker did not answer. The answer of appellee was a general denial.

The chancery court found that Kitty Joe Walker Harry was an infant when she executed the deed to appellee, and that, said deed being void, she was the owner of an undivided half interest in the land; and she was decreed to be the owner thereof and entitled to $140 from appellee for rents; and it was further decreed that since appellant, Maxine Walker, was of age when she executed the deed she had no interest in the land.

Appeal was prayed by appellant, Maxine Walker, and also by appellee.

Appellant, for reversal of the decree urges that the deed, as to her interest, should be set aside for fraud. Her principal ground for establishing this asserted fraud is the inadequacy of consideration received by her.

It appears that Irene Walker in 1937 borrowed money from appellee to secure funds with which to pay the

taxes on this land, and gave a mortgage thereon, in a renewal of which in the same year both of her daughters, though minors, joined. Thereafter she traded on a running account with appellee, who was a merchant and ginner, and the mortgage securing this indebtedness was renewed for a larger amount. Finally, the indebtedness, which was more than $3,000, was extinguished by the execution of the deed; and appellee paid the widow $300 and each of the daughters $100.

There was a conflict in the testimony as to the value of the land. One of the witnesses thought the land inside the levee (33 acres) was worth in 1940 $100 per acre, and placed a small value on that part not protected by the levee. Others valued the protected land at from $50 to $85 per acre and thought the other land worth much less.

Appellant's claim of inadequacy of consideration seems to be mainly based on a contention that she herself did not receive a sufficient sum for her share. But in considering the amount of consideration in a deed the value or amount of property or money that may pass from grantee (to others as well as to grantor) by reason of the transaction must be taken into account.

Dealing in his work on "Deeds," 1911 Ed., vol. 2, p. 1453, with the nature of consideration in conveyances Mr. Devlin quoted this from Bouvier's Law Dictionary: " 'Valuable consideration those which confer some benefit upon the party by whom the promise is made, or upon a third party at his instance or request; or some detriment sustained at the instance of the party promising, by the party in whose favor the promise is made.' " See, also, *Logan* v. *Lee,* 10 Ark. 585.

Furthermore, we are unable to say from the record before us just what the share of appellant was in 1940. Irene Walker had a homestead interest in the land for her life, and appellant's right to occupancy or rents and profits would not mature until her mother's death. In addition to the homestead right, Mrs. Walker had a dower or one-third interest for her life. Mrs. Walker's age is

not shown by the testimony and we have no basis for calculating the value of Mrs. Walker's interest in the land in 1940, so as to arrive at a fair valuation of this appellant's share at that time.

While there are intimations that the amount of indebtedness claimed by appellee was excessive, we are unable to say that such a contention is borne out by the evidence. Appellee introduced an itemized copy of his account; and Mrs. Walker, when testifying in regard to it said: "Q. So you don't know how much of this account was for your personal benefit and how much for the benefit of Kitty Jo and Maxine? A. No, I don't. . . . Q. You are charged up here, Mrs. Walker, from December, 1936, until August 31, 1939, with $3,329.99. You are supposed to have received goods or money of that value from Mr. Ellis, is that right? A. I got money and groceries. Q. I am asking you if you got $3,329.99? A. I don't know. I didn't keep up with it."

The land may have been worth something more than appellee paid for it, but we are unable to say that there was shown by the proof such an inadequacy of consideration as to shock the conscience or to raise a presumption of fraud. This being true, we may not set aside the deed for such inadequacy. *McDonald* v. *Smith*, 95 Ark. 523, 130 S. W. 515; *Cunningham* v. *Love*, 202 Ark. 375, 150 S. W. 2d 217.

There is also a suggestion that the deed was fraudulent as to appellant because she was coerced and deceived by her mother and appellee. Such a charge is not sustained by the testimony. The original deed is before us and it shows that this appellant signed it in a fairly legible hand. There is testimony that she could not read, but there is no testimony to the effect that she did not know and understand that she was signing a deed; nor is there any substantial testimony indicating that its contents were misrepresented to her.

It follows that the lower court's decree dismissing appellant, Maxine Walker's, complaint for want of equity must be affirmed.

Appellee has appealed from that part of the decree awarding to Kitty Jo Walker Harry an undivided one-half interest in the land. He argues that since Kitty Jo Walker Harry waited more than six years after the deed was executed and more than five years after she became of age before bringing her suit her claim was barred by laches. It was not shown that appellee expended any considerable sum for repairs and improvements on the property after he purchased it, nor did the evidence reflect any other circumstances showing that it was inequitable for Kitty Jo Walker Harry to ask for her share in the property.

We have held that a minor may institute action to set aside a conveyance made by him during minority at any time within seven years after becoming of age. *Barker* v. *Fuestal,* 103 Ark. 312, 147 S. W. 45; *Barker* v. *Cunningham,* 104 Ark. 627, 150 S. W. 153.

Where there is no intervening equity which of itself requires application of doctrine of laches, a court of equity ordinarily will not divest the owner of his title to land for laches unless he fails to assert such title for a period at least equal to that fixed by the statute of limitations. *Earle Improvement Company* v. *Chatfield,* 81 Ark. 296, 99 S. W. 84; *Updegraff* v. *Marked Tree Lumber Company,* 83 Ark. 154, 103 S. W. 696; *Dickinson* v. *Norman,* 165 Ark. 186, 263 S. W. 387.

We conclude that the lower court did not err in refusing to hold that the rights of Kitty Jo Walker Harry were barred by laches.

But the lower court failed to recognize appellee's ownership, by virtue of the deed from Irene Walker to appellee, of Irene Walker's unassigned dower interest. While a widow may not convey to a stranger her homestead interest in land of her deceased husband, in equity no such rule prevails as to sale and conveyance by a widow of her unassigned dower interest. *Griffin* v. *Dunn,* 79 Ark. 408, 96 S. W. 190; *Flowers* v. *Flowers,* 84 Ark. 557, 106 S. W. 949, 120 Am. St. Rep. 84; *Barton* v. *Wilson,* 116 Ark. 400, 172 S. W. 1022; *Tandy* v. *Smith,*

173 Ark. 828, 293 S. W. 735. And such a conveyance by her vests in her grantee the equitable right to have the dower interest assigned. *Bowen* v. *Black*, 170 Ark. 237, 279 S. W. 782.

Irene Walker had a dower interest in all the land involved herein, and she conveyed this interest to appellee Ellis. Therefore the share of Kitty Jo Walker Harry in the land is subject to this unassigned dower interest held by appellee Ellis.

It follows that on the appeal of appellant, Maxine Walker, the decree is affirmed, and on the appeal of appellee Ellis so much of the decree as fixes the respective interests of appellee Ellis, and Kitty Jo Walker Harry is reversed with directions to adjudge their respective shares in accordance with this opinion; appellee to recover costs of this court and the court below.

### On Rehearing.

*PER CURIAM*—Previous order of this court is amended so as to relieve Kitty Jo Walker Harry of any decree against her for costs of this court and of one-half of the costs of the lower court.