Watkins *v.* Johnson.

5-2624                                    356 S. W. 2d 655

Opinion delivered April 2, 1962.

[Supplemental Opinion on Rehearing, May 14, 1962, 235 Ark. 85.]

*Parker Parker, William H. Schulze* and *Robert E. Irwin,* for appellant.

*Lupardus, Holliman & Huffman,* Tulsa, Okla.; *J. M. Smallwood; Martin, Logan, Moyers, Martin & Conway,* Tulsa, Okla.; *Jess W. Van Ert,* Okla. City, Okla.; *John F. Curran* and *M. Darwin Kirk,* Tulsa, Okla.; *Ray Thornton; Williams & Gardner; Mehaffy, Smith & Williams,* for appellee.

George Rose Smith, J.   This is a suit by the appellants, the heirs of Lewis L. Watkins, to establish their title to a 120-acre tract that was owned by Watkins at

his death intestate in 1901. The chancellor sustained a demurrer to the complaint, holding that it showed the plaintiffs to be barred by limitations and laches. The proceeding was accordingly dismissed.

Watkins was survived by his widow and five children, the oldest child then being eight years old. The plaintiffs in this case are the four children now living and the three daughters of the fifth child, who died sometime before this suit was begun in 1960.

After Watkins' death in 1901 his widow, Jennie, continued to live on the land now in controversy. She remarried and had another child, Oliver Woods, by her second husband. Upon the death of Jennie Watkins Woods in 1905 her brother, William H. Johnson, who was named as a defendant, was appointed by the probate court as guardian for the five Watkins children.

The complaint asserts two alternative causes of action against Johnson and those who claim under him. It is first alleged that during the minority of the Watkins children their guardian, Johnson, wrongfully obtained from each of them a quitclaim deed to an undivided one-sixth interest in the land now in dispute, each deed having been executed within a year or two before that particular grantor attained his majority. In asking for a cancellation of the deeds the plaintiffs assert that Johnson defrauded and overreached his wards by paying an inadequate consideration for the land, by concealing from the minors all knowledge of their legal rights and of the fact that he had mismanaged and embezzled their funds, and by dealing at all with the wards while he was their fiduciary. It is also alleged that in 1915 Johnson as guardian redeemed the land from an earlier tax forfeiture.

The demurrer to this first count in the complaint was properly sustained, for the plaintiffs' delay of almost forty years is fatal to their rights. A suit to set aside a conveyance by a minor must ordinarily be filed within seven years after the grantor becomes of age.

*Walker* v. *Ellis,* 212 Ark. 498, 207 S. W. 2d 39. The fact that Johnson wrongfully acquired an interest in the property of his wards would entitle them to impress the land with a constructive trust, *Williford* v. *Williford,* 102 Ark. 65, 143 S. W. 132; *Waldstein* v. *Barnett,* 112 Ark. 141, 165 S. W. 459; but the statute of limitations runs in favor of the trustee of such a trust. *Matthews* v. *Simmons,* 49 Ark. 468, 5 S. W. 797; Rest., Trusts, Ark. Anno., § 219.

In seeking to avoid the bar of the statute the appellants cite a section of the Revised Statutes, repealed by the Probate Code, which provided that a guardian "shall not dispute the right of the ward to any property that shall have come to his possession as guardian." Rev. Stats., ch. 72, § 23; Ark. Stats. 1947, § 57-353. A sufficient answer to this argument is that the statute by its terms applies to property possessed by the guardian as such, not to property claimed by him individually through a transaction with his ward. There is a similar common law rule by which a tenant is estopped to question the title of his landlord, but of course this principle does not prevent the tenant from buying the property from his landlord and asserting the title so acquired.

In their second count the plaintiffs seek to recover a one-sixth interest in the land. It is asserted that Johnson obtained quitclaim deeds, each conveying an undivided one-sixth interest, from the five Watkins children and from Oliver Woods, their half brother. It is alleged that the Watkins children inherited the entire fee simple title from their father and that Oliver Woods had no interest whatever in the land. Hence it is said that the five deeds from the Watkins children conveyed only an undivided five-sixths interest in the land, leaving them with a sixth which they held as tenants in common with their guardian and his grantees.

This part of the complaint is not demurrable, for it does not show on its face that the cause of action is barred. The complaint indicates that the defendants have been in possession of the land, but the possession of a

tenant in common is not adverse to his cotenants until notice of a hostile claim is brought home to them. *Singer* v. *Naron*, 99 Ark. 446, 138 S. W. 958. There is no allegation of such a notice to these appellants. The appellees rely upon the fact that the complaint alleges that Johnson conveyed the land to his son in 1943 and that the grantee took possession. Even so, the younger Johnson would have had to claim title to the whole, openly and notoriously, in order for his conduct to have amounted to an ouster of his cotenants, *Parsons* v. *Sharpe*, 102 Ark. 611, 145 S. W. 537, and there is no allegation to that effect. On demurrer doubts are to be resolved in favor of the sufficiency of the complaint.

As to the first count the decree is affirmed; as to the second it is reversed and the cause remanded with directions that the demurrer be overruled.